PeaksoN, J.
 

 Lord Coke says, “ good matter must be taken advantage of in apt time, proper order, and due form.”
 

 In debt upon a former judgment, the defendant cannot avail himself of any matter, the benefit of which he could have had on the first trial. So, upon a
 
 scire facias
 
 to revive a dormant judgment, or upon
 
 audita querela,
 
 the party is confined to matter arising since the judgment, by which it has been satisfied, in whole or in part, and is not heard to allege any matter existing prior to the judgment, upon the presumption, that he has had the benefit of it.
 

 The principle is decisive of the present question. In
 
 Pugh
 
 v
 
 Wheeler,
 
 2 Dev. and Bat. 50, it is
 
 held, “ if the
 
 jury can see that more or less damages have arisen to the plaintiff at different times, they are at liberty to increase or 'diminish those found accordingly.” In that case, the wheel of the petitioner, who owned a mill above that of the defendant, was burned after the first year, and, in consequence thereof, the damage was greater afterwards than during the first year, and the jury assessed the damages at 12 1-2 cts.
 
 *343
 
 for the first year, and at $10 for the annual damages after-warrds. This was held to be right, and according to the proper construction of the statutes of 1809 and 1813; for although the first statute, which provides for a jury on the premises, seems to have contemplated, that the jury would find an average sum as the annual damages, yet, when the second statute allowed an appeal to the Superior Court and a trial at bar, under which the proceedings would most usually be pending for several years, there was then no reason why the jury should not find the actual damages up to the time of the trial, so as to assess a less sum for the first, and a larger sum for the other years, if, in fact, the damage was greater as in the case above cited ; or a larger sum for the first, and a less for the other, years, or none at all, if, during the pending of the proceedings and at, any time before the trial at bar, the dam was lowered, so as to diminish the damage, or remove it altogether. This was the necessary construction ; for, the dam was not kept up, (say after the first year,) and the jury at bar were still required to assess the annual damage, taking no notice of that fact; as soon as judgment was entered pursuant to the verdict, the defendant must take a rule to show cause why it should not be ordered, that no execution issue, except for the damage of one year. This would be absurd; and it would naturally be asked, why could not this matter have been enquired of by the jury, so as to let them fix the
 
 actual damage ?
 
 Why the force of assessing high damages, and the instant thereafter having an affidavit to strike it all out, except for one year ?
 

 In this case, the defendant says, he lowered his dam in June, 1848, so that, after that time, the water did the plaintiff no damage. Why did he not prove this upon the trial at bar, Spring Term, 1849 ? That was the “apt time,” and the jury would, in that case, have assigned no damages after June, 1848* He cannot now be heard, upon the principle above announced.
 

 
 *344
 
 We also concur with his Honor upon the other question, without deciding on the sufficiency of the reason given by him, that “ the washing out of the channel, and other causes,’ are not set forth in the affidavit, for this reason — such cases do not come within the meaning of the Statute. The damages are not to be abated, if “ the dam is kept upso, the application ean only be heard, if the dam is taken away or lowered. If the question of damages was open upon every suggestion of diminution from other causes, there would be a contest every yeai’, when an execution was applied for, and the petitioner’s right would depend upon, whether it had been a wet or dry season.
 

 Psa C URJA Mi Judgment affirmed.