Peaeson, J.
 

 At common law, if A, by the erection of a mill and dam on his own land, ponded the water back upon the land of B, and injured him to an amount, say, not exceeding one dollar, during any one year, B could to-day, issue a writ in case for the damage done on yesterday, and to-morrow he could issue another writ for the damage done to-day, and the day after, another writ for the damage done on the day preceding, and so on
 
 ad infinitum •
 
 and in all of his several actions he would be entitled to judgment for one penny and
 
 *306
 
 costs of suit, and in tbis way A could be forced to take down his mill-dam.
 

 For the protection and encouragement of persons erecting “ a public grist mill, or mill for domestic manufactures or other useful purposes,” it is provided, by statute, that any person who may conceive himself injured by the erection of any such mill,
 
 shall apply
 
 by petition, to the court of pleas and quarter sessions, &c. If, upon the proceeding thereupon had, the petitioner’s damages per annum, are assessed to less than twenty dollars, he shall be therewith content, for five years; but if the annual damages are assessed as high as twenty dollars, “ Nothing contained in this act shall be so construed as to prevent the person so injured, his heirs or assigns, from sueing, as heretofore usual in such cases.”
 

 This statute is in restraint of the remedy at common law, and the question is, whether the erection of a dam, by which water is ponded back, the dam not being necessary in order to furnish the motive power to work the mill, and being in fact made
 
 below the mill,
 
 for the purpose of making a head of water in order to float over the saw logs, is a case within the meaning of the statute ? In other -words, can such a dam claim the protection of the statute, as being
 
 apa/rt
 
 of a public grist mill ?
 

 A plain statement of the facts decides the question.
 

 The dam is not necessary for the working of the mill, and is a mere adjunct, which particular localities make highly convenient, in order, not to work the mill, but to float saw logs to the mill.
 

 Suppose the locality was such, that the owner of the mill by making a dam across a stream, some half mile from his mill, could pond the water back for some miles, and thus float down saw logs to his dam, and from there take them on timber wagons to the mill, will any one say such a case falls within the meaning of a statute which abridges the common law remedy of one who is injured by the erection of the dam? If such is the law in regard to a dam distant one half mile, the same law must be applicable to a dam adjoining the mill, but
 
 *307
 
 which is not necessary for the working of the mill, and the purpose of which could be answered by
 
 tressh worh
 
 or an ordinary road, if it suited the convenience of the owner of the saw mill to make one.
 

 It is clear this dain is no part of the mill,-the erection of which is protected and encouraged by the statute.
 

 PeR Cueiam. Judgment reversed.
 
 Venire de novo.