Battle, J.
 

 The precise question which is presented in this case, has not, we believe, been heretofore decided in this State. In the case of
 
 Ballenger
 
 v.
 
 Barnes,
 
 3 Dev. Rep. 460, it was held that the testimony given by a witness, on a former trial between the same parties, who has since died, might be proved by any person who heard it, and could state its
 
 substance,
 
 and not merely its
 
 effect.
 
 The same rule was adverted to by Gas-ton, Judge,
 
 arguendo
 
 in
 
 Ingram
 
 v.
 
 Watkins,
 
 1 Dev.
 
 &
 
 Bat. Rep. 444. "Whether a witness who had taken full notes of the testimony given on the former trial would be permitted to state from them what the deceased witness had sworn, does not appear from either of these cases. The report of the former shows that the witness had taken notes, and that he produced them, but it does not set forth what use he made of them. In the absence of the authority of any decided case to settle the practice here, we must resort for guides, to the
 
 *26
 
 established principles of evidence, and to the adjudications of the country whence our common law is derived.
 

 In attempting to supply the loss of the testimony of a deceased witness, the secondary evidence ought, manifestly, to be as full, and as nearly the same as that for which it is offered as a substitute, as possible. The very words which the deceased witness spoke would be the best, and were formerly supposed to be necessary, see
 
 King
 
 v. Joliffe, 4 Term Rep. 290; but that strictness, having made the rule impracticable, has long since been abandoned. The secondary witness may now give the
 
 substance,
 
 but not the mere
 
 effect,
 
 of the former testimony. To allow him to state the latter only, would be to permit him to decide upon the effect of the testimony, instead of submitting it to the jury to whom it properly belongs. But suppose that the witness took full notes of the former testimony, and is willing to swear that they contain the substance of every thing testified by the deceased witness, because he is certain they were correctly taken,, though he cannot recollect the testimony independently of them; what principle is there to prevent his giving his statement from them ? His recollection of the testimony at a subsequent time, cannot be more perfect than it was when such testimony was given. He may remember distinctly that he took down on his note-book the substance of all that was said, and yet have ceased to be able to recall it to his memory ; just as he might remember that he had copied a written instrument correctly, without being able afterwards to state the words, or even the substance of the instrument. He wordd undoubtedly be permitted to prove the copy of the writing by swearing that it had been truly and correctly taken; and we can see no reason why his notes may not be admitted as a copy, so to speak, of the substance of the words employed by the deceased witness. It is true that the notes would not of themselves be evidence, whether the person who took them were living or dead, because the Court would not have the sanction of an oath that they were taken correctly. The case is very different where the taker is present, swearing to their
 
 *27
 
 correctness, and, as a test thereof, submitting himself to the cross-examination of the opposite party. This appears to be tiie rule in England. In the
 
 Mayor of Doncaster
 
 v. Day, 3 Taunt. Rep. 362, Mansfield, C. J., said, “ What a witness, since dead, has sworn upon a trial between the same parties, may be given in evidence either from the Judge’s notes, or from
 
 notes that home been taken by any other person who will gwean' to their accuracy ;
 
 or the former evidence may be proved by any person who will swear, from his memory, to its having been given.” The clause which we have marked in italics seems to us to be directly in point, particularly as it is stated as an alternative to the testimony of a witness who swears from his memory. What the rule is in the different States of the Union, it is difficult to ascertain, as any one may see by referring to the numerous cases collected by
 
 Gowen
 
 and
 
 Hill,
 
 in their notes to
 
 Philips on Evidence,
 
 vol. 2, note M2.
 

 We are aware that the rule is liable to abuse, but we know of none upon the subject which is less so; and as we believe that its operation is generally beneficial, we approve it.
 

 Per Curiam.
 

 Judgment affirmed.