Battle, J.
 

 The last proposition in his Honor’s charge upon the subject of damages, cannot be supported upon a proper construction of the 15th sec. of 74th ch. of the Rev. Statutes. (See Rev. Code, ch. 71, sec. 14.) • If the water be, in fact, ponded back upon the plaintiff’s land, he will be entitled to recover, at least, nominal damages; the statute being intended to change the form and details only of the remedy, and not the principle of the action. See
 
 Gillet
 
 v.
 
 Jones,
 
 1 Dev. and Bat. Rep. 339. Eor this error, however, his Honor is not responsible, as his charge is fully sustained by what was said, inadvertently, by this court,! in the case of
 
 Kimel
 
 v.
 
 Kimel,
 
 4 Jones’ Rep. 121. The dictum, which caused the error, was not necessary to the decision of the case, the judgment in which we still think was right. "We cannot but regret the error, though it occurred
 
 a/rguendo
 
 only, and are glad to avail ourselves of this early opportunity of correcting it. We thought,, at the time, that the construction which we placed upon the-section in question, was necessary to discourage the filing of petitions in cases of trivial damages, caused by the erection of mill-dams, which it was, manifestly, the design of the act to
 
 *518
 
 do, but we find that object sufficiently accomplished by the subsequent proviso, which declares that, when the jury shall assess damages for the petitioner under a certain sum, to wit, five dollars, ho shall recover no more costs than damages. See Rev. Stat., ch. 74, sec. 15; Rev. Code, ch. 71, sec. 14.
 

 As a
 
 venire de novo
 
 must be awarded, on account of the error to Avhich we have referred, we might abstain from expressing an opinion on the question of evidence which was raised on the trial, but the decision of his Honor is in such direct opposition to the opinions expressed in this Court upon the subject, that we feel it our duty to call the attention of those who may be concerned in the next trial, to it. In the case of
 
 Ingram
 
 v.
 
 Watkins,
 
 1 Dev. and Bat. Rep. 442, the Court held that, to impeach the credibility of a witness, by proving that he swore differently as to a particular fact on a former trial, it was not necessary that the impeaching witness should be able to state all that the impeached witness had deposed. But in delivering the opinion of the Court, GastoN, Judge, distinguished it from, the case of a witness who was called to prove what a deceased witness had proved on a former trial. As to the latter, he said, “ here it is required that the secondary evidence shall be full, because it is offered as a substitute. The testimony of the deceased witness should be placed before the new, as the law required it to be placed before the former, triers. Both are entitled, not only to the truth, but the whole truth. The copy must be ascertained to be faithful before it is admitted as a representative of the original. Besides, to receive an avowedly imperfect account of what had been formerly testified, in lieu of the former testimony itself, would be to encourage the party to offer partial, instead of full, secondary evidence. He would be interested to seek out such witnesses as remembered only those portions of the former testimony that made in his favor.” It seems, then, that a witness is not competent to 'testify to what a deceased witness swore, on a former trial, unless he says he can state the
 
 substance of all
 
 that the dec’d. witness testified; and such appears to have been recognized
 
 *519
 
 as tbe proper rule in the cases of
 
 Ballinger
 
 v.
 
 Barnes,
 
 3 Dev. Rep. 460, and
 
 Jones
 
 v.
 
 Ward,
 
 3 Jones’ Rep. 24.
 

 The objection made here by the defendants’ counsel, that the testimony which the witness was called to give, is not set out in the bill of exceptions, so that the Court may say whether it was material, or not, does not apply ; because the admissibility of the evidence was resisted upon the ground of the
 
 ineompetency of the witness,
 
 and not the
 
 immateriality of Ms testimony.
 
 In the case of the
 
 State
 
 v.
 
 Jim,
 
 3 Jones’ Rep. 348, the distinction between the two objections, is clearly pointed out; it being there said, “ It is only where evidence is ruled out on account of the
 
 matter
 
 that it is necessary to set out, in the statement of the case, what the party expected, or offered, to prove, so as to enable the court to judge of its materiality.”
 

 Per CubiaM, Judgment reversed ; and a
 
 venire Je now.