WILLIAM BURNETT and others *v.* THOMAS W. NICHOLSON and others.

An injunction will not be granted to restrain the erection of a dam, whereby the mill wheel of the plaintiff is flooded, so as to become useless.

For such an injury, damages will adequately compensate; and should the annual damage exceed twenty, dollars the plaintiff is remitted to his common law action, and can compel an abatement of the nuisance.

(*Pugh* v. *Wheeler*, 2 Dev. & Bat. 50; *Johnson* v. *Roan*, 3 Jones 523, cited and approved.)

PETITION for an injunction, heard before *Henry, J.*, at Fall Term, 1874, HALIFAX Superior Court.

The facts as found by the Court were as follows :

The plaintiffs are owners of a grist mill. The defendants owning land below them, were erecting a dam on the same water course within six hundred or a thousand yards below, and so close to plaintiffs' mill as to back the water on the wheel of said mill to such an extent as to prevent the turning of the same and to submerge it to the depth of about three feet, thereby seriously damaging and rendering entirely useless or of no value said mill.

Upon this state of facts the defendants were ordered to show cause at the next term of the Court why the injunction should

not be granted, and in the meantime were restrained from erecting said dam.

At Fall Term, 1874, the case coming on to be heard, on affidavits and the arguments of counsel, the restraining order was vacated and a reference ordered to state an account of the damage sustained by defendant by reason of said restraining order. From this judgment the plaintiff appealed.

*Batchelor*, for appellant.
*Walter Clark*, contra.

PEARSON, C. J. The answer and the affidavits filed by the defendants so fully meet the supposed equity of the plaintiffs, that his Honor was obliged to refuse to continue the injunction. In *Johnson* v. *Roan*, 523, it is held, that although the ponding back of water by a mill dam does not actually overflow any land outside of the banks of the stream, but so obstructs the flow of the water as to prevent land from being drained, the owner of the land is entitled to damages under the act of 1809. In *Pugh* v. *Wheeler*, 2 Dev. & Bat., 50, it is held that ponding water back in a stream so as to obstruct the motions of the plaintiff's wheel, is a case within the operations of the Act referred to. The subject is there so elaborately discussed by RUFFIN, C. J., that it is not necessary to say anything more about it. But it is necessrry to remark that the defendants were ill advised in erecting their dam without first resorting to the remedy given by the Act of 1868-'69, which is a modification of the Act of 1809, (Battle's Revisal, chap. 72. secs. 4 and 8,) by which three commissioners of view, like a jury of view, are to examine the premises and report, among other things, " whether the proposed mill will overflow another mill or create a nuisance in the neighborhood." And the plaintiffs were ill advised in not resorting to the remedy given by sections 13, 14 and 15 of said Act.

We are unable to see the force of the position taken by Mr. Batchelor, that ponding water back so as to flood the plaintiffs·

wheel will cause "irreparable damage," and on that ground authorize a resort to the equitable jurisdiction of the Court by injunction, instead of pursuing the remedy by petition and commissioners of view, as provided by the Act of 1868–'69. The injury done by overflowing land is just as irreparable as the injury done by flooding a water wheel so as to make it wholly inefficient, or less so than it was before. Damages will compensate for either injury, and should the annual damage exceed twenty dollars the plaintiff is remitted to his common law action and can compel an abatement of the nuisance.

No error.

PER CURIAM.                                   Judgment affirmed.