LEWIS HESTER v. NATHANIEL BROACH.

*Mill-Dam Act—Damages—Issue to Jury.*

1. In an action for damages resulting from ponding water upon plaintiff's land, caused by the erection of defendant's mill-dam, an issue involving the amount of *annual* damage done thereby, is the proper one to be submitted to the jury.

2. The present law regulating the proceedings against owners of mill-dams for injuries resulting from their erection, is contained in chapter 197 of the acts of 1877, and sections 17 and 18 of chapter 72 of Battle's Revisal.

CIVIL ACTION, tried at Fall Term, 1880, of PERSON Superior Court, before *Eure, J.*

The action was brought by the plaintiff to recover damages of the defendant for ponding water over his land, the ponding being caused by the erection of a mill-dam on a stream running through plaintiff's and defendant's lands, which adjoin. The plaintiff laid his damages at four hundred dollars, and upon the trial, the plaintiff asked the court to submit this issue to the jury : " What is the amount of the annual damages done the plaintiff by reason of the erection of the defendants dam," to which the defendant objected, and insisted the only proper issue to be submitted to the jury was: " What is the amount of damages sustained by plaintiff to his lands, on account of the erection of defendant's dam." His Honor submitted the issue asked by the plaintiff and the defendant excepted. Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. Graham & Ruffin*, for plaintiff.
*Messrs. Edwards & Batchelor*, for defendant.

ASHE, J. The question is, which issue should have been submitted to the jury, that proposed by the plaintiff or defendant?

Before the year 1809, when water was ponded upon the land of any one, by the erection of a mill by another, the owner of the overflowed land could bring his action, at common law, for the damages sustained by him each day, so long as the ponding on his land continued. Such actions were generally trivial and vexatious, and sometimes ruinous. It was to remedy this mischief the act of 1809 was

passed, which debarred the person whose land was over-flowed from his common law action, unless he had, in the first instance, resort to the remedy prescribed by this stat-ute; and not then, unless he recovered annual damages as high as twenty dollars.

The act of 1809 was brought forward into the Revised Statutes and Revised Code with but slight alterations, but was amended by the act of 1868–'69 (Bat. Rev., ch. 72), sec-tion 13 of which provides that the proceeding for recover-ing damages in such cases shall be commenced by summons returnable to the clerk of the superior court. By section 14 three commissioners were directed to be appointed to assess the damages, instead of a jury. Section 15 was sub-stantially the same as section 12 of the Revised Code, ch. 71, declaring how the damages should be assessed and the verdict returned, and that the judgment should be binding between the parties for five years. Sections 17 and 18 are the same as sections 13 and 14 of the Revised Code. The act of 1868–'69 did not make any substantial alteration of the law as it existed before. It only changed the mode of proceeding. But then came the act of 1876–'77, ch. 197, which repealed section 13 of chapter 72 of Battle's Revisal, by directing it to be stricken out and the following section substituted : "Any person conceiving himself injured by the erection of any grist mill, or mill for any useful pur-pose, may issue his summons returnable before the judge of the superior court of the county where the endamaged land or any part thereof lies, against the persons required to be made parties defendant by the Code of Civil Procedure. In his complaint he shall set forth *in what respect and to what extent he has been injured*, together with such other matters as may be necessary to entitle him to the relief demanded." Sections 11, 12 and 13 of the act of 1868–'69, corresponding with sections 14, 15 and 16 of Battle's Revisal, were also directed to be stricken out, leaving unrepealed sections 17

and 18 of Battle's Revisal, chapter 72, which are the same as sections 13 and 14 of the Revised Code, chapter 71.

The defendant's counsel insists that the proper construction of the act of 1876–'77, is, that the jury shall assess the entire damages which the plaintiff has sustained by reason of the overflowing of his land, and not the annual damage as heretofore. To give it that construction, would be falling back to the common law remedy and disregarding the purpose of the legislation in retaining sections 17 and 18. We could not adopt such a construction without disregarding these sections which the legislature has seen proper to retain.

The section substituted by the act of 1876–'77, and section 17 and 18, now constitute the entire statute in regard to the recovery of damages for the overflowing of land by the erection of a mill. It is still in its amended form, as it was originally, a remedial statute, enacted for the purpose of remedying a mischief for which the common law did not provide; and it is our duty as judges so to construe the act as to suppress the mischief and advance the remedy. Dwarris Stat., 58. And in the construction of a statute, every part of it must be viewed with the whole, so as to make all its parts harmonize if practicable, and give a sensible and intelligent effect to each. It is not to be presumed that the legislature intended any part of a statute to be without meaning. *Ibid.*, 144, 145. Following this rule, we must, in interpreting that act as it now stands on the statute book, consider the act of 1876–'77 in connection with sections 17 and 18 of chapter 72 of Battle's Revisal.

The act of 1876–'77, if it stood alone, would undoubtedly bear the construction given to it by the defendant's counsel ; but the sections 17 and 18 clearly contemplate the assessment of yearly damages. The section 17 so declares in so many words, for it provides, "when the final judgment shall assess the *yearly damage* of the plaintiff as high

as twenty dollars, the said judgment shall be binding . for the year's damage preceding the issuing of the summons." So in section 18 it is provided, " if the final judgment shall be in favor of the plaintiff, he shall have execution against the defendant for *one year's damage* preceding the issuing of the summons, and all costs."

We hold that the proper issue was submitted by His Honor to the jury, and that there is no error. The judgment must be affirmed.

No error. . Affirmed.