S. V. GOODSON et als. v. J. MULLEN and A. J. DERR, Executors, et als.

## Damages for Flooding Land—How Assessed.

1. In proceedings under the statute for ponding water on plaintiff's land, the jury have no right to go back further than one year in assessing damages, but if they do, the error may be corrected by the Court only giving judgment for one year preceding the issuing of the summons.

2. Where, in such proceedings, the annual damages are assessed at less than $20 per annum, the judgment is for five years, including the year preceding the filing of the petition, for each year's damages so assessed, with a *cessat executio* for each year after the first year.

3. Where the damages were assessed at as much as $20 a year, the judgment was the same, except that the plaintiff had his election to take judgment for five years, or only for the one year preceding the filing of the petition, in which case he was at liberty to bring his action at common law; but if the action was continued for more than five years, the judgment was for the entire amount, and the plaintiff was barred of his election.

4. Where the jury find the damages are different for different years, they should assess them separately for each year.

5. By §1860 of *The Code* the damages are to be assessed for five years, as they were prior to the Act of 1877, ch. 197.

(*Hester* v. *Broach*, 84 N. C., 251; *Gillett* v. *Jones*, 1 Dev. & Bat., 339; *Burnett* v. *Nicholson*, 86 N. C., 99; *Pugh* v. *Wheeler*, 2 Dev. & Bat., 50, cited and approved).

This was an action for damages caused by the ponding of water on plaintiffs' land—removed from the county of Lincoln, and tried before *MacRae, Judge*, and a jury, at Spring Term, 1884, of GASTON Superior Court.

The plaintiff complained that the testator, J. W. Derr, being the owner of a dam across a creek flowing through the lands of plaintiff, had at various times raised and tightened the same and thereby damaged said land $250 annually. Plaintiff offered evidence tending to prove that the dam had been raised by defendant twenty inches or more higher in 1860 than it was in 1833, and again in 1874 some twelve inches higher, and that it had so stood until 1882, when it was washed away, and had not been rebuilt, and that the plaintiffs' land was injured by reason of

said raising up to the time of trial, though the injury was not so great since the dam had been washed away. The annual damages by reason of said injury were variously estimated at from $75 to $250.

Neither party excepted to the evidence, nor to the charge. The jury found all issues in favor of the plaintiff, and assess his annual damage at eighty dollars.

The jury say for their verdict—"We find all issues in favor of the plaintiffs, and assess their damages at eighty dollars per annum, commencing from the 17th day of April, 1874, to the 17th day of April, 1877."

Rule for new trial. Rule discharged.

The presiding judge declined to give judgment for three years' damages preceding the beginning of the action, but gave judgment for the plaintiff for $642.20, this being the amount of damages estimated for the period beginning one year next preceding the bringing of the action and ending at the trial, eight years and ten days, at the rate of eighty dollars per year.

From this judgment both parties appealed to the Supreme Court.

*Messrs. Hoke & Hoke* for the plaintiffs.

*Messrs. W. P. Bynum, Geo. F. Bason* and *Batchelor & Devereux* for the defendants.

ASHE, J.    This action is brought under the Act of 1868, as amended by the Act of 1877. ˙ The former act of 1868 as brought forward in *Battle's Revisal,* ch. 72, secs. 13, 14, 15, 16, 17 and 18, made no substantial change in the statute in reference to mills as contained in the *Revised Code,* except as to the mode of proceeding. But the act of 1876–'77 repealed all the sections of Battle's Revisal, ch. 72, in reference to mills, except the 17th and 18th, and, as was said in *Hester v. Broach,* 84 N. C., 251, the act of 1876–'77, ch. 197, and the 17th and 18th sections of ch. 72 of *Battle's Revisal* constituted all the statutory provisions with regard to injuries caused by the erection of mills.

The fifteenth section of ch. 72 of *Battle's Revisal*, which provides that "a judgment, giving to the plaintiff an annual sum by the way of damages, shall be binding upon the parties for *five* years from the issuing of the summons," was repealed by the act of 1877. But the 17th section was retained, which provided "that in all cases where the first judgment of the court shall assess the *yearly damages* of the plaintiff as high as twenty dollars, nothing in this chapter contained shall be construed to prevent the plaintiff, his heirs or assigns from suing as heretofore, and in such cases the final judgment aforesaid shall be binding as heretofore, and in such case the final judgment aforesaid shall be binding only for the year's damage preceding the issuing of the summons." ·

The act of 1877 has thrown some confusion into the subject, but it is evident the Legislature did not intend to destroy the remedial character of the statute. Prior to the act of 1877, the act of 1868–69, *Battle's Revisal*, ch. 72, substantially the same as ch. 71, of the *Revised Code*, had received a construction by this court which was well understood and acted upon in practice. For instance, where the annual damages were assessed by a jury at a sum less than twenty dollars per annum, the judgment was for five years, including the year preceding the filing of the petition, for each year's damages so assessed, with a *cessat executio* for the successive years after the first year. But when the annual damages were assessed as high as twenty dollars the judgment was the same, except in that case the plaintiff had his election to take the judgment for five years or only for the one year preceding the filing the petition, in which case he was at liberty to bring his action at common law. If, however, the action should be continued for more than five years and the damages assessed were for more than twenty dollars a year, then the judgment was for the entire damages up to the trial, and the plaintiff, in that case was debarred of the privilege of making an election to take the damages for the years that were past, and resort to his common law remedy, for he had no opportunity of making an elec-

14

tion and was by the lapse of time deprived of any other relief than that given by the statute. *Gillet v. Jones*, 1 D. & B., 339.

Notwithstanding the Act of 1877, under the unrepealed section 17 of *Battle's Revisal*, chapter 72, annual damages were to be assessed, and if for more than twenty dollars a year, the plaintiff could make his election, and take judgment only for the damages for the year preceding the issuing of the summons, and have recourse to his remedy at common law, but when he failed to do so, he was entitled to recover judgment for the annual damages up to the time when the cause was determined. *Burnett* v. *Nicholson*, 86 N. C. 99, and *Gillet* v. *Jones, supra.*

When the jury find that the damages are different in different years, they should assess the damages specifically for each year, and if the injury should be removed or diminished by taking down or lowering the dam, no damage or less damage, as the case might be, should be assessed for those years, but when no such facts are shown, and they assess the same damage for each year, the judgment as well in the one case as the other was for the aggregate sum of the assessment for each year, up to the time of trial. *Burnett* v. *Nicholson, supra.*

The only reason why it was necessary to designate the damages for each year, was to enable the plaintiff to determine whether he would make election to take judgment for the damages for the one year preceding the commencement of the action, and that the Court might see for what amount the judgment should be rendered, but when no such election was made and the plaintiff was entitled to judgment for all the damage assessed up to the time of trial, we can see no reason why the annual damages should be assessed specifically for each year. But in case they were so assessed, and the ground of the plaintiffs' exception to the judgment of the court is, that it was for only one year previous to the issuing of the summons when the jury by their verdict had assessed in damages for three years preceding the commencement of the action, beginning from the 17th day of April, 1874, to the 17th day of April, 1884, the summons having been issued on the 17th day of April, 1877.

The jury had no right to assess the damages for three years preceding the commencement of the action, but having done so, and assessed the same damages for each successive year the error in the verdict was cured by the judgment which was for the aggregate sum of the several assessments commencing one year before the action was begun. The exception is met by the decision in *Pugh* v. *Wheeler*, 2 D. & B. 50, where it was held, "If on a petition for damages caused by the erection of a mill under the act of 1809 (*Battle's Revisal*, chapter 72,), the jury returned a verdict assessing the damages for more than one year before the filing the petition, the Court may correct it, by giving judgment for the damages of only one year previous."

We think it proper to add before concluding, that by section 1860 of *The Code* the law is again changed, and the damages are to be now assessed as before the passage of the act of 1877, for five years.

We find no error in the record affecting the rights of the plaintiff. The judgment therefore, so far as it relates to his appeal, is affirmed.

No error.                                                      Affirmed.