After the appeal was docketed in this Court, the appellee moved to dismiss for non-compliance in giving and justifying the appeal bond, as required by The Code, § 560, in that the sureties do not justify in double the amount thereof. This motion was filed on December 13th, 1886.
The facts upon the merits are as follows:
One Barclay McGhee, residing in Monroe county, Tennessee, in the month of June, 1853, entered into an agreement with Edward Delozier, a resident of Cherokee county in this State, for the purchase of an interest in certain entries of land in the last mentioned county, and after having made *Page 542 
advances in money therefor, died before consummating the contract. His widow, Mary K., who by a subsequent marriage became Mary K. Parker, administered on her husband's estate in Tennessee, but never took out letters in this State. In her capacity as such administratrix, in March, 1857, she entered into covenant relations, binding upon herself personally, with the said Edward Delozier, in which the latter undertook to sell and convey to her on perfecting his own title, several tracts therein described, containing one thousand acres, for the sum of $2,000, to be paid when the grants were issued, and $1,200 more, payable at the end of twelve months, and "also for the cancelling of all suits and claims between said parties," each paying his own costs. There was also this provision: "And it is understood that such stipulation shall bind the heirs, administrators and executors of the respective parties"; and one added as a postscript, that the said Mary K. shall pay $170 due the State, in addition, and the contract to become null if she fails to get a good warranty title to the premises. The money was subsequently paid, and the said Mary K. obtained grants from the State, which she caused to be issued to her as administratrix.
The present action is brought by two of the daughters of the deceased (Barclay) and their husbands, who have succeeded to the estate of three others, to whom, with said daughters as heirs at law and tenants in common, the equitable estate of said Barclay, becoming the legal estate in the administratrix after his death, as trustee, descended, to recover possession and have the defendant Cooper, to whom she has assigned, declared and held responsible as a succeeding trustee.
The defence relied on arises out of the final disposition by compromise of a suit wherein the present plaintiffs are parties, instituted in the Chancery Court of Monroe county, *Page 543 
Tennessee, for a full and final settlement of the trust estate in the hands of the said Mary K.
In her answer, she admits the receipt of large sums of money, and states in what manner it has been expended, mentioning among others, the payment of over $10,000 for the Tague School lands, and of $4,000 to said Edward Delozier, under advice of counsel, in adjusting a suit pending in this State between him and her deceased husband; and further that she surrendered to a receiver in a former action, which seems to have been discontinued, personal property of the value of more than $13,000. If these disbursements are allowed, the answer avers, they exceed what she is strictly accountable for.
Thereupon, a reference was ordered, to ascertain: (1.) what amount of personal assets have come, or ought to have come into the defendant's hands; (2.) how the same have been disbursed; (3.) what debts, if any, remain unpaid, and to whom due; and, (4.) what is due to the children of the deceased, of the sums adjudged to be paid by her to them, for excess in value of the dower assigned to her. Pending this reference, a compromise was agreed upon, and a decree entered in this form:
"Be it remembered, this cause came on to be heard before the Honorable W. M. Bradford, on the 5th day of June, 1878, and the complainants to this cause producing in open Court a written compromise signed by all the parties, and duly acknowledged before the clerk of the County Court, and which is in the words and figures following, to-wit:
C. C. JONES and wife et al. } In the Chancery vs. } Court at Madisonville, MARY K. PARKER, administratrix, et al. } Tennessee.
"The several parties to the above entitled cause, hereby agree to adjust and compromise all matters of controversy thereto upon the following terms, to-wit: *Page 544 
"1. The said Mary K. Parker, by her settlement therein before the clerk and master, shows herself to be indebted to the estate of Barclay McGhee, deceased, in the sum of twenty-four thousand six hundred and eighty-five dollars and seventeen cents.
"2. The said Mary K. Parker is indebted to the surviving children of said Barclay McGhee, in the sum of one hundred dollars per year from the first day of January, 1859. Making an aggregate of thirty-two hundred and one dollars and fifty cents.
"3. In satisfaction of the sums thus ascertained to be due as aforesaid, and in full discharge and acquittance of said Mary K. Parker, both in her said representative capacity and in her individual and personal capacity, from all liability to said estate, and to the said children of Barclay McGhee, deceased, the latter hereby agree to accept the dower interest upon which the said Mary K. Parker now resides, to be divided between them by disinterested persons selected for that purpose, in equal parts according to the laws of descent and distribution.
"4. It is agreed, that said children, together with their husbands, to-wit: C. C. Jones and wife Margaret W., J. R. Jones and wife Bettie M., John B. McGhee and Ann R. McGhee, shall, and by this instrument do bind themselves, to pay to the said Mary K. Parker, for and during the term of her natural life, the sum of twelve hundred and fifty dollars annually. That is to say, each of said parties shall pay to the said Mary K. the sum of two hundred and fifty dollars per year, payable on the first day of May of each year. But it is understood and agreed that said liability is several, neither being liable for the defaults of the other. It is further understood and agreed, that inasmuch as the said John B. McGhee has rented the dower interest, that for the current year the said John shall continue to occupy and enjoy said interest, and shall pay to the said Mary K. the *Page 545 
amount due for the current year, at the end of which time, say about the 13th of October, 1878, the said John shall surrender to the several parties entitled, the respective interests awarded them by the commissioners appointed to partition said interest.
"5. For the security of said several sums of two hundred and fifty dollars, due as aforesaid by each of said parties, it is hereby agreed that said Mary K. Parker shall have and retain a lien upon the said dower interest, which shall attach to the parts assigned to said several parties respectively, and be a charge upon said several interests for the amount due, until paid by the party who may owe the same; the lien herein provided for being several in like manner as the payments.
"6. It is further agreed that the commissioners to be appointed to partition said land, be and they are hereby instructed to so partition said land, that the portions awarded to Ann E. McGhee shall include the mansion-house now occupied by the said Mary K. Parker.
"7. If is further agreed that a decree be entered in this case in conformity with the terms of this agreement, accepting said dower interest in full satisfaction of all liabilities on the part of the said Mary K. Parker, on account of all matters connected with the estate of the said Barclay McGhee, deceased, whether in her representative or personal capacity, and discharging and releasing her from her trust as administratrix of said estate.
"8. The said suit to be dismissed by complainant at the cost of the defendant Mary K. Parker.
"9. The legal title to the life interest of the said Mary K. Parker in said dower lands, being now in E. E. Griffith, as trustee, by deed dated the 4th of March, 1861, which appears of record, it is agreed that said Griffith, as trustee, may, and he is hereby directed by said Mary K. Parker, to execute to *Page 546 
the children of B. McGhee, deceased, jointly, a quitclaim of all the interest remaining in him as such trustee.
"10. This agreement to be acknowledged and signed by all the parties in proper legal form. Otherwise, and until signed and acknowledged by all of the parties to it, it is to be considered as no agreement, and as containing no admission against the parties."
The division provided for was accordingly made, and the separate shares assigned to the five tenants, and report thereof made and confirmed. Upon this evidence, the Court intimated an opinion that the compromise and the decree carrying it into effect, embraced the subject-matter of the present action, and that it could not be maintained. The plaintiffs thereupon suffered a nonsuit, and appealed.
While the chancery suit was for an account of the administration of the personal estate of the deceased, the surrender of the life estate of the administratrix, charged with the specified annuity to be paid her, is accepted "in full satisfaction of all liabilities" incurred by her, "on account of all matters connected with the estate of Barclay McGhee, deceased, whether in her representative or personal capacity, and discharging and releasing her from her trust as administratrix of said estate." The exoneration is sweeping, and without qualification or exception.
The administratrix was bound to discharge out of the assets of the estate in her hands, the remaining indebtedness which the deceased had incurred in buying the lands in Cherokee county from Delozier, and had this simply been done, the entire equitable estate would have vested in the plaintiffs, the heirs at law, and the sum so paid would be a proper *Page 547 
expenditure to be allowed in the administration account; and so it is included in the order of reference. But instead of this, the administratrix entered into a new contract, professing to act in her representative capacity, but imposing only a personal obligation on herself, with Delozier, and after full payment, took out grants in her own name, but therein designated as administratrix, on the land entries, and thus, as trustee, she becomes responsible to the heirs, in whom had vested the equitable estate, if they chose to so elect, or they had perhaps, a right to charge her with the moneys thus used, as upon a devastavit in taking title to herself, and also to charge the land with its payment. At all events, in one aspect of the case or another, these demands might have been adjusted in the suit, and even if out of its proper scope, were evidently in view in the comprehensive exoneration of the administratrix from "all liabilities" in connection with her acts, representative and individual, in managing the trust estate. This entire immunity is the consideration of the transfer of her dower estate, and leaves her not only in possession of the legal estate in the Cherokee lands, but that estate unfettered by any trust, and, in such condition, transferable by her deed. She has so conveyed to the defendant Cooper, with no attaching trusts, and the action against him cannot be maintained.
There is no error in the ruling, and the judgment must be affirmed.
The motion to dismiss this appeal is refused, under the provisions of the recent statute. Acts of 1887, ch. 121.
No error. Affirmed. *Page 548