(767) There were no exceptions to evidence.
There was no written prayer for instructions, but plaintiffs' counsel in his address to the jury asked the court to charge, that if any part of plaintiffs' land had been benefited by the ponding-back of the water from defendants' dam, this benefit did not belong to defendants and they could not set this up as a counterclaim to offset the damage plaintiffs had sustained. The court charged that the defendants could not set up as a counterclaim any benefit, if any, which plaintiff may have received by such ponding-back, but the jury, upon all the evidence of plaintiffs and defendants, should ascertain if plaintiffs had sustained any damage, and if so, how much; if no damage had been sustained, then to so find. The issue as set out in the record was submitted, without objection. The jury rendered a verdict for the defendants.
Motion by plaintiffs for new trial, alleging as error the instructions above given and the failure to give instructions asked. Motion denied. Motion for new trial, because some overflow having been admitted, the court should have instructed the jury to return at least nominal damages.
(768) The court, being of opinion that, under section 1862, of The Code, a verdict for nominal, damages for one cent would only carry one cent cost, denied the motion.
There was judgment for defendants, and an appeal by plaintiffs.
The appeal was taken Saturday, 2 February, the last day of the term. The plaintiffs' case on appeal was served friday, 8 February, following. Counsel for appellees moved to dismiss the appeal, upon the grounds:
"1. That the case on appeal was not served upon appellees within the time provided by law, more than five days having elapsed from the termination of the court at which the cause was tried before any case was served. *Page 523 
"2. For that appellant's appeal bond is defective, in that the justification of the sureties is not for double the amount of the bond given."
As to the first ground, counsel was not advertent to chapter 161, Laws 1889, amending section 550 of The Code and extending the time from five days to ten. Walker v. Scott, 104 N.C. 481.
As to the second ground, no written notice to dismiss was given, as required by chapter 121, Laws 1887, and the motion cannot be entertained.Jones v. Slaughter, 96 N.C. 541.
There was no objection to the issue submitted, no exception to evidence and no written prayer for instructions, and that verbally asked for by plaintiffs' counsel in his address to the jury was substantially given.
The evidence was conflicting, and we can see no error in the charge of his Honor in relation thereto. (769)
The plaintiffs moved for a new trial, because, some overflow having been admitted, the court should have instructed the jury to return at least nominal damages. No such instruction was asked for. The evidence, as has been said, was conflicting, and the admission in the answer was accompanied with qualifications and denials, and it was in the discretion of his Honor to grant or refuse a new trial, the evidence upon both sides having been submitted to the jury upon an issue of fact presented in the exact language of the issue in Hester v. Broach, 84 N.C. 251, the plaintiffs' evidence tending to show damages, and that of the defendant none.
Counsel for appellant cite Wright v. Stowe, 49 N.C. 516, for the position that his Honor should have instructed the jury that the plaintiffs were entitled at least to nominal damage. In that case it is said, "If water be, in fact, ponded back upon the plaintiff's land, he will be entitled to recover at least nominal damages," and his Honor below erred in instructing the jury that the plaintiff in that case "would not be entitled to nominal damages." No such instruction was given by his Honor in present case, but all the evidence was submitted to the jury upon the proper issue, and they found that the plaintiffs had sustained no damage, and the judgment was in accordance with section 1862 of The Code.
No error. *Page 524 
(770)