J. M. McGEE and wife v. DAVID FOX et al.

*Case on Appeal, Time of Serving—The Code—Motion to Dismiss—Damages for Ponding Water—Off-set and Counter-claim for Benefits—Nominal Damages—Judge's Charge—New Trial.*

1. *The Code*, § 550, as amended by chapter 161, Laws of 1889, extends the time for serving case on appeal from five to ten days.

2. A motion to dismiss appeal for insufficient bond will not be entertained, unless after written notice, as required by chapter 121, Acts of 1887.

3. In an action for damages for ponding water back on plaintiff's land, he asked for instructions to the jury that defendants could not set up as off-set and counter-claim any benefit which plaintiff had received thereby. The Court so charged, but added that the jury should, upon all the evidence, ascertain if plaintiff had sustained any damage: *Held*, there was no error.

4. In such action, a motion for a new trial for failure of the Court to instruct the jury to return at least nominal damages, because some overflow was admitted, it appearing that no such instruction was asked, that the admission was qualified and the testimony conflicting, and that there was evidence to show that no damage was actually done, was properly refused in the discretion of the Court.

This was a CIVIL ACTION to recover alleged damages for ponding water back on plaintiffs' land by the erection of a mill-dam, tried before *Clark, J.*, at January Term, 1889, of the Superior Court of ALEXANDER County.

The plaintiffs allege, in substance, that the defendants have a mill-dam on Middle Little River on their own land, below the lands of the plaintiffs, and caused the water to pond back upon and sob valuable bottom land belonging to them, thereby destroying its value, for which they demand damages.

The defendants answering, admit the erection of the mill-dam and that a small portion of the plaintiffs' land, less

than an acre, is subjected to overflow thereby, but they deny that any injury to said land is caused by the erection of the dam, but, on the contrary, they insist, for the causes set out in the answer, that the plaintiffs' land is benefited and improved by it.

The following issue was submitted: "What is the amount of annual damage done to the plaintiffs by reason of the erection of the defendants' dam?" To which the answer was, "Nothing."

There was conflicting evidence, that of the plaintiffs tending to show damages caused by the overflow and sobbing of the land, and that of the defendants tending to show that there was, in fact, no damage, but that, in truth, plaintiffs' land had been benefited.

There were no exceptions to evidence.

There was no written prayer for instructions, but plaintiffs' counsel in his address to the jury asked the Court to charge that if any part of plaintiffs' land had been benefited by the ponding back of the water from defendants' dam, this benefit did not belong to defendants and they could not set this up as a counter-claim to offset the damage plaintiffs had sustained. The Court charged that the defendants could not set up as a counter-claim any benefit, if any, which plaintiffs may have received by such ponding back, but the jury, upon all the evidence of plaintiffs and defendants, should ascertain if plaintiffs had sustained any damage, and if so, how much; if no damage had been sustained, then to so find. The issue as set out in the record, was submitted without objection. The jury made the findings thereon as set out in the record.

Motion by plaintiffs for new trial, alleging as error the instructions above given and the failure to give instructions asked. Motion denied.

Motion for new trial, because, some overflow having been admitted, the Court should have instructed jury to return at least nominal damages.

The Court being of opinion that under section 1862 of *The Code*, a verdict for nominal damages of one cent would only carry one cent cost, denied the motion.

There was judgment for defendants, and an appeal by plaintiffs.

*Mr. D. M. Furches*, for plaintiffs.
*Mr. R. Z. Linney*, for defendants.

Davis, J.—after stating the facts: The appeal was taken Saturday, February 2d, the last day of the term. The plaintiffs' case on appeal was served Friday, February 8th, following. Counsel for appellees, moved to dismiss the appeal upon the grounds—

"1. That the case on appeal was not served upon appellees within the time provided by law, more than five days having elapsed from the termination of the Court at which the cause was tried before any case was served.

"2. For that appellants' appeal bond is defective, in that the justification of the sureties is not for *double the amount* of the bond given."

As to the first ground, counsel was not advertent to chapter 161 of the Acts of 1889, amending section 550 of *The Code*, and extending the time from five days to ten. *Walker v. Scott*, 104 N. C., 481.

As to the second ground, no written notice to dismiss was given, as required by chapter 121 of the Acts of 1887, and the motion cannot be entertained. *Jones v. Slaughter*, 96 N. C., 541.

There was no objection to the issue submitted, no exception to evidence and no written prayer for instructions, and that verbally asked for by plaintiffs' counsel in his address to the jury was substantially given.

The evidence was conflicting, and we can see no error in the charge of his Honor in relation thereto.

The plaintiffs moved for a new trial because, some over-flow having been admitted, the Court should have instructed the jury to return at least nominal damages. No such instruction was asked for; the evidence, as has been said, was conflicting, and the admission in the answer was accompanied with qualifications and denials, and it was in the discretion of his Honor to grant or refuse a new trial, the evidence upon both sides having been submitted to the jury upon an issue of fact presented in the exact language of the issue in *Hester* v. *Broach*, 84 N. C., 251, the plaintiffs' evidence tending to show damages and that of the defendant none.

Counsel for appellant cite *Wright* v. *Stowe*, 4 Jones, 516, for the position that his Honor should have instructed the jury that the plaintiffs were entitled at least to nominal damage. In that case it is said, "If the water be, in fact, ponded back upon the plaintiff's land, he will be entitled to recover at least nominal damages," and his Honor below erred in instructing the jury that the plaintiff in that case "would not be entitled to nominal damages." No such instruction was given by his Honor in the present case, but all the evidence was submitted to the jury upon the proper issue, and they found that the plaintiffs had sustained no damage, and the judgment was in accordance with section 1862 of *The Code*.

No error.