WILLIE P. COOPER, BY NEXT FRIEND, V. THE SOUTHERN RAILROAD COMPANY AND E. FULLER.

(Filed 22 December, 1915.)

1. **False Imprisonment—Malicious Prosecution—Arrest—Corporations—Principal and Agent—Criminal Law.**

   An action for damages for false arrest and malicious prosecution will lie against a railroad company for the acts of its agents and employees done within the scope of their employment, without the necessity for plaintiff to show special authority from or ratification of such acts by the company.

2. **Same—Trials—Evidence—Questions for Jury.**

   In an action for damages for false arrest and malicious prosecution against a railroad company there was evidence that the arrest was caused to be made by its shop superintendent, who had authority over the property—shop, yards, men at work—upon the charge that the accused feloniously entered the company's toolhouse, etc.; that private officers of the company, generally employed for such purposes, assisted in his prosecution before a justice of the peace, etc., before whom he was convicted, but afterwards acquitted in the Superior Court, etc.: *Held,* sufficient evidence of the authority of the company's employees to sustain a verdict rendered against the defendant company.

**3. False Imprisonment—Malice—Evidence—Declarations—Res Gestæ.**

In an action for false arrest and malicious prosecution against a railroad company, whose private detective took the accused to jail upon conviction before a justice of the peace, a declaration of the detective tending to show malice, while so acting, is part of the *res gestæ*, and is competent evidence upon the trial.

**4. Evidence—Witnesses—Stenographer's Notes—Deceased Persons—Declarations.**

The official stenographic report of the entire testimony of a witness, since deceased, taken at a former trial, and its correctness testified to by the stenographer, is properly received as evidence on a subsequent trial, and is not objectionable as to its form or as declarations of a deceased person.

APPEAL by defendants from *Lane, J.*, at August Term, 1915, of CABARRUS.

Civil action to recover damages for false arrest and malicious prosecution, based upon evidence on part of plaintiff tending to show that said plaintiff, a boy of 16 years of age, was in the employ of the railroad company as night supply boy at Spencer railway shops; that defendant Fuller was shop superintendent, had control of everything around the shops, and was charged with the duty of the care and custody of the shops and the property of the company connected therewith; that, at the instance of said Fuller and two local private policemen of the company, the plaintiff was charged with feloniously entering the toolhouse of defendant company at Spencer, N. C., about 10 July, 1910; was arrested on a warrant, tried before a justice of the peace, and imprisoned for a time, and, on appeal to Superior Court, was again tried and acquitted by the jury; that such arrest was wrongful, malicious, and without probable cause.

There was denial of liability on the part of both defendants; denial of any express or implied authority to Fuller to act for the company in the matter, and also evidence tending to show probable cause for the acts of Fuller and his assistants.

On issues submitted there was verdict for plaintiff against both defendants. Judgment on the verdict, and defendants excepted and appealed.

*H. S. Williams and J. Lee Crowell for plaintiff.*
*L. C. Caldwell for defendant.*

HOKE, J. This case was here on a former appeal of defendants from a verdict and judgment in favor of plaintiff, and a new trial was granted because the court below had improperly allowed an amendment to complaint material to the relief sought and used to defendant's prejudice after the evidence was all in and counsel for plaintiff was addressing the jury and when there had been no testimony offered in support of the additional allegations. See case reported in 165 N. C., pp. 578 and

581. In the opinion, delivered by *Associate Justice Brown,* it was held that the warrant of the justice of the peace, sued out at the instance of the individual defendant, Fuller, and under which plaintiff was arrested, tried and imprisoned, was void on its face, and afforded no protection to said Fuller, and the case was sent back to be tried again on the issue principally whether the defendant company had authorized the suing out the warrant or had ratified the same. See opinion, p. 582.

This opinion having been certified down, another trial was had, and, on verdict and judgment in plaintiff's favor against both defendants, the present appeal is prosecuted.

It was chiefly urged before us that the case against the company should have been nonsuited because there was no evidence to fix responsibility on the company for the acts of the individual defendant, on the authority of *Daniel v. R. R.,* 136 N. C., 517, and cases of like purport. In that well considered opinion by *Associate Justice Walker* it was held that the cashier of a local railroad office had no implied authority from the company to sue out a warrant and cause the arrest of one suspected of stealing money from the office of the company, and there being no evidence of express authority or of ratification, a recovery against the company was denied; but that case bears very little or no resemblance to the facts presented on this record, the evidence on the part of plaintiff tending as it does to show: "That the defendant Fuller was shop superintendent of the railroad and had authority over the railroad property—shop, yards, the men at work—and had charge of everything around there. He was with the company when witness began to work first, and was in charge of everything." And, further, when plaintiff was taken by Fuller before the justice of the peace, "there were present two private officers of the railroad company, men employed by the company to look after the property, catch hoboes and trespassers for stealing. They had been arresting people who had trespassed or stolen, and doing this ever since witness had been there." These men assisted at the prosecution of plaintiff before the justice, and one of them took him to jail. Here was ample evidence that both Fuller and these assistants were acting within the course and scope of the authority vested in them by the company, and, if accepted by the jury, justified fixing on the company responsibility for their acts. *Cooper v. R. R.,* 165, *supra,* and *Sawyer v. R. R.,* 142 N. C., 1.

And the same answer may be made to defendant's exception that the court refused to charge, as requested, that the company could not be made responsible unless they expressly authorized the particular act complained of, namely, swearing out this warrant, etc. In *Sawyer's case* the principle applicable is correctly stated as follows:

"1. Private corporations are liable for their torts committed under such circumstances as would attach liability to natural persons. That

the conduct complained of necessarily involved malice, or was beyond the scope of corporate authority, constitutes no defense to their liability.

"2. Where the question ·of fixing responsibility on corporations by reason of the tortious acts of their servants depends exclusively on the relationship of master and servant, the test of responsibility is whether the injury was committed by authority of the master, expressly conferred or fairly implied from the nature of the employment or the duties incident to it."

And in the opinion the Court quotes with approval from Wood on Master and Servant, sec. 307, as follows: "The simple test is whether they were acts within the scope of his employment; not whether they were done while prosecuting the master's business, but whether they were done by the servant in furtherance thereof and were such as may fairly be said to have been unauthorized by him. By 'authorized' is not meant authority expressly conferred, but whether the act is such as was incident to the performance of the duties entrusted to him by the master, even though in opposition to his express and positive orders." 

Under this well recognized principle it was not necessary, therefore, to show "express authority for the particular act," as the evidence of plaintiff, which has been accepted by the jury, was amply sufficient to establish that the acts complained of were well within the scope of the authority of Fuller and his assistants.

It was further objected that the conversation of one of the detectives, when taking plaintiff to the jail, having some tendency to show malice, was received in evidence. This was a declaration while the declarant was engaged in the very act complained of, and, under our decisions, was properly admissible as part of the *res gestæ*. *Stanford v. Grocery Co.,* 143 N. C., 425; *Merrell v. Dudley,* 139 N. C., 57.

In *Merrell's case* it was held: "In an action for malicious prosecution, the declarations of defendant at the time he sued out the warrant of arrest, and accompanying that act, are competent as part of the *res gestæ,"* etc.

Again, it was urged for error that the evidence of a witness, Mrs. Pickett, examined as such at the former trial, and since deceased, was received in evidence and put before the jury through the official copies of the notes of the court stenographer, taken and written out in the course of her duty. The objection, as made on the argument, is hardly open to the defendant, as the record shows defendant only excepted "to the competency of the dead witness's evidence," and not to the form in which it was presented. In that aspect the evidence, purporting to be the entire testimony of the witness as it was given at the former trial, was clearly admissible. *Grant v. Mitchell,* 156 N. C., pp. 15 and 18; *Wright v. Stowe,* 49 N. C., 516. But in respect to the form, the notes taken and copied by the stenographer in the course of her official duty

and spoken to in her testimony as the evidence of Mrs. Pickett, the deceased witness, as delivered at the former trial, was properly received, and, in our opinion, was a very satisfactory form in which the evidence of a deceased witness may be presented. In some jurisdictions the admissibility of the official notes of a court stenographer is provided for by statute; but, in the absence of any statute, where such notes and copies thereof are properly authenticated, that is, identified and testified to as containing a correct statement of the deceased witness, and substantially his entire testimony, the notes or copies thereof may properly be received.

The position and the principles upon which it rests have been recognized in several decisions of this State, and well considered authority elsewhere is in full support of his Honor's ruling. *Carpenter v. Tucker,* 98 N. C., pp. 316-319; *Ashe v. DeRossett,* 50 N. C., 299; *Jones v. Ward,* 48 N. C., 24; 1 Elliott on Evidence, sec. 515; McKelway on Evidence (2 Ed.), p. 293; 16 Cyc., p. 1108.

Speaking to the subject in Elliott on Evidence, sec. 515, the author quotes with approval from a well considered case as follows: "The real objection to such evidence (that is, the testimony of a witness on a former trial) is that it is only the testimony of some one else as to what the witness swore to on a former trial; and before the day of official reporters in our trial courts the accuracy or completeness of such evidence depended entirely upon the fallible memory of those who heard the witness testify. It can be readily seen why, under such circumstances, courts were disinclined to admit such evidence except in cases of actual necessity. But where the words of a witness as they come from his lips are taken down in full by an official court stenographer this objection does not apply. We do not see why such testimony is not as satisfactory and reliable as a new deposition taken out of the State would be. Rules on such subjects should be practical, and subject to modification as conditions change." *Minneapolis Mill Co. v. R. R.,* 51 Minn., 304, 314.

On careful examination of the record, we find no error giving defendants or either of them any just ground of complaint, and the judgment for plaintiff is affirmed.

No error.