CHARLES KINSLAND v. S. J. KINSLAND AND WIFE, SELMA KINSLAND.

(Filed 20 December, 1923.)

**Injunction—Grist Mills—Statutes—Dissolution of Temporary Restraining Order—Trial Hearing.**

> Ordinarily, in cases relating to the establishment and maintenance of grist mills, the remedy given by statutes must be pursued when their provisions apply, but in the present case, it appearing that though the plaintiff's land has been trespassed upon, the principal damage complained of is caused by the erection and maintenance of a dam to operate a grist mill by defendant on his land, and the restraining order heretofore issued will be dissolved without prejudice to the relief demanded, should the demand be renewed upon the establishment of the facts in plaintiff's favor at the final hearing, in view of the harm that may otherwise presently come to the defendant and the community which the defendant's grist mill now serves.

CIVIL ACTION heard on return to a preliminary restraining order by *Lane, J.,* at April Term, 1923, of the Superior Court of MACON. Defendants having demurred to the allegations of fact contained in plaintiff's affidavits, there was judgment continuing the restraining order to the hearing, and defendants excepted and appealed.

*A. W. Horn and H. G. Robertson for plaintiff.*
*Gilmer A. Jones and T. J. Johnston for defendant.*

HOKE, J.  In sections 2555, 2556, 2557, and 2558, Consolidated Statutes, provision is made for obtaining relief where one conceives himself damaged by the erection of a grist-mill or mill for other useful purpose, and ordinarily, in cases to which the statute applies, the remedy given must be pursued.  The history of this legislation and the reason for it, together with an interpretation of its meaning and purpose, appears in *Hester v. Broach,* 84 N. C., 253, and other cases on the subject.

While there are allegations in plaintiff's affidavit which tend to show wrongful trespasses committed on plaintiff's land lying on Watauga Creek in said county, just above that of defendant's, and which are of such a nature that they might well be made the subject of injunctive relief, it also appears that the principal damage complained of is caused by the erection and maintenance of a dam on the land of defendant for the operation of the latter's mill, also situate thereon, and in view of the above legislation, and of the harm that may come to defendant and the community in the lawful effort to properly run his said mill, we consider it advisable and right that the restraining order be presently dissolved without prejudice to the rights of plaintiff to renew his application therefor when the pertinent facts appertaining to the question shall have been more definitely established at the final hearing. This will be certified that the restraining order be dissolved.

Error.