CHARLIE KINSLAND v. S. J. KINSLAND AND SELMA KINSLAND.

(Filed 27 January, 1926.)

**Appeal and Error—Trespass—Water and Watercourses—Ponding Water —Determinative Issues—Evidence.**

A mandatory injunction in trespass for defendant to remove dam and for damages to plaintiff's land from ponding water thereon, will not issue unless the dam was constructed by plaintiff on defendant's adjoining land; and where the evidence is conflicting and no determinative issue as to the ascertainment of this fact has been answered, a new trial will be ordered on appeal.

APPEAL by defendants from *Finley, J.,* at Spring Term, 1925, of MACON.

Plaintiff alleges that he is the owner of a tract of land known as section 117, grant 2983, and that the defendants own a tract adjoining his on the south and southwest; that Watauga Creek runs through both tracts from northeast to southwest; that the defendants prior to the institution of the action entered upon the plaintiff's land in violation of law and trespassed thereon "by hauling logs and moving earth and dirt in the beginning of the erection of a dam on the lands of the plaintiff at and near the line between the plaintiff and defendants." The purpose in building the dam is to operate a gristmill. The plaintiff alleges further that the dam has ponded the water on his land and obstructed the flow of water from his ditches and has caused his land to become sour and unfit for cultivation, and that the defendants intend to complete the dam and raise the water to a greater height. There are allegations in reference to the trespass which need not be stated in detail.

The defendants admit the plaintiff's title to the land in grant 2983, but deny that his land is located as the plaintiff claims, and deny the trespass.

The following verdict was returned:

1. Is the plaintiff's southwest corner located at red A, as shown on the map? Answer: Yes.

2. Has the defendant trespassed upon the lands of the plaintiff, and if so, to what extent? Answer: Yes, to the extent of all the lands affected by the dam north of the line from the red letter A to the red letter B, shown on the map.

3. Is the plaintiff's action barred by the statute of limitations? Answer: No.

Judgment was rendered declaring the plaintiff the owner of the land described in grant 2983 and its location as shown on the map, and adjudging that the defendants had trespassed upon his land in the erection and maintenance of the dam and in ponding water thereon, and that the dam be removed, etc. The defendants excepted and appealed.

*J. G. Robertson, J. Frank Ray, Jr., and Horn, Patton & Poindexter for plaintiff.*

*T. J. Johnston and Jones & Jones for defendants.*

ADAMS, J. It is a matter of regret that the case upon its third appearance in this Court cannot finally be disposed of; but for error appearing in the present record determinative issues must be submitted to another jury. On the first appeal it appeared that the principal damage complained of resulted from the erection and maintenance of a dam and gristmill on the defendants' land (186 N. C., 760), and on the second we said: "There is evidence tending to show that the defendants after invading the plaintiff's possession built the dam on the plaintiff's land and that the alleged trespass is continuous in its nature. There is evidence to the contrary. The issue raised should be submitted to the jury and the verdict will determine the questions whether the defendants have committed the alleged trespass and whether the plaintiff is entitled to an order restraining a continuance of the trespass and a mandatory injunction to compel the defendants to remove the dam, although actual damages are not demanded. If the trespass is continuous it is not necessary to allege the insolvency of the defendant." 188 N. C., 810. It will be observed upon examination that the opinion draws a distinction between the erection by the defendants of a dam on the plaintiff's land and the ponding of water on the plaintiff's land by a dam built on the land of the defendants. If the defendants have constructed a dam on the plaintiff's land without his permission the plaintiff is entitled to a mandatory injunction for its removal from his premises, and to compensatory damages caused by this trespass, recoverable as at common law, for such a trespass does not come under the operation of C. S., 2555 *et seq. Henly v. Wilson,* 77 N. C., 216, 221. But if the dam is entirely on the land of the defendants and water is thrown back and ponded on the plaintiff's land, the plaintiff, as pointed out by *Hoke, J.,* in the first appeal, must seek relief under section 2555 *et seq.*

Was the dam or any part of it built on the plaintiff's land without his permission? If the jury finds this to be the fact, the plaintiff may enforce the removal of the dam or so much of it as may be on his own premises and recover damages as we have indicated. Did the defendants build the dam on their own land and thereby back the water on land owned by the plaintiff? If so, the statutory remedy must be pursued if damages are sought. The method of assessing damages under C. S., 2557, is fully and clearly set forth in a number of cases. *Gillet v. Jones,* 18 N. C., 339; *Beatty v. Conner,* 34 N. C., 341; *Bryan v. Burnett,* 47 N. C., 305; *Hester v. Broach,* 84 N. C., 251; *Burnett v. Nicholson,* 72 N. C., 334; *S. c.,* 86 N. C., 99; *Goodson v. Mullen,* 92 N. C., 207.

It does not definitely appear whether any part of the dam itself is on the plaintiff's land. There is evidence in support of either contention. The uncertainty seems to arise from the use of language which confuses the dam proper with the water obstructed by the dam and collected on the plaintiff's land. The issues submitted do not clearly determine the question. There should be a definite issue as to whether the dam itself or any part of it—not the ponded water—is on the premises of the plaintiff. If it is not, and the plaintiff seeks to recover damages under C. S., ch. 52, art. 4, there should be an issue as to annual damages. Other appropriate issues may be submitted as the trial court may determine.

For the errors complained of there must be a

New trial.