*444
 
 Gaston, Judge.
 

 — The errors assigned in this case, are both founded on the alleged reception of improper evidence. (His Honor here stated the facts upon which the first objection was founded, and proceeded.) The Court overruled the objection, and we are of opinion, overruled it properly.
 

 Upon the death of a witness who has been examined in a judicial proceeding,, such examination is admissible as secondary evidence in a subsequent trial between the same parties. Here it is required that the secondary evidence shall be full, because it is offered as a substitute. The testimony of the deceased witness should be placed
 
 J
 
 4
 
 1
 
 before the new, as the law required it to be placed before the former triers. Both are entitled not only to the truth, but to the whole truth. The copy must be ascertained to he faithful, before it is admitted as a representative of the original. Besides, to receive an avowedly imperfect ^
 
 •/ t
 
 account of what had been formerly testified in lieu of the f°rmer testimony itself, would be to encourage the party to offer partial instead of full secondary evidence. He wooU be interested to seek'out such witnesses as remembered only those portions of the former testimony, as made in his favour. But in this case, it was the purpose of the plaintiff to bring the former testimony of the witness to the notice of the jury, not as evidence, not as a guide to truth, but as conflicting with the testimony given by him on the present trial, and thereby satisfy them that the witness was not a man of veracity, was undeserving of credit, and that his testimony should be disregarded. To impeach a witness’s credit, one clear and advised contradiction in this respect is sufficient, since it is the rule of law, as of good sense, that he who falsifies himself in one point, is undeserving of belief in all
 
 ;falsus in unofalsus in omnibus.
 
 No more, therefore, of the witness’s former declaration is necessary to be heard) than what is charged to be repugnant to his present statement. In all other respects, where a repugnance is not shown, the presumption .is, that the respective statements were consistent. It is proper to require of the impeaching witness, that he should know and state all that the impeached witness said in relation to the matter in which the repugnancy is alleged; but it seems
 
 *445
 
 to us, that no more can be reasonably demanded. . Even on an indictment for perjury, it is not necessary for the prosecution to prove all the evidence given by the defendant on the trial wherein he testified ; but it is sufficient to prove all the evidence given by the defendant in relation to the fact on which the perjury is assigned.
 
 Rex
 
 v. v.
 
 Rowley,
 
 Ry. & Moody’s Rep. 299; 21 Eng. Com. Law Rep. 444. It might be questioned in the case before us whether, giving entire faith to the impeaching testimony, it established the repugnancy which it was offered to show; but it was not so manifestly irrelevant for that purpose, as to justify its rejection. It was, therefo
 
 r
 
 e properly submitted to the jury.
 

 As for the other exception which is relied on as a , „ . .... . , , , ground tor reversing this judgment, although we have no difficulty in saying, that a rejection of the testimony excepted to would not have been error, yet we are of opinion, that its admission is not an error of which the defendant has a right to complain. The whole inquiry as to the declarations of the witness Hough, whether he had or had not an interest in the matter in dispute, seems to us i i • , -r . „ . to have been irregular. It was, indeed, competent for the defendant to show, with the view of impairing the weight of that witness’s testimony, that he had an interest in the controversy; but this fact ought to have been shown by competent evidence. The fact of interest might have been established by the witness’s own oath — or by the testimony of other witnesses — or by the admission of the plaintiff; but it could be rightfully shown only in the mode in which other controverted facts between the litigant parties are allowed to be shown. The declarations of a third person, whether a witness, or not a witness, made not on oath, nor in the presence of the party against whom they are offered, cannot be brought forward by either plaintiff or defendant as
 
 evidence of the truth
 
 of the matters so declared. The first great safeguard which the law provides for the ascertainment of truth, consists in requiring all evidence of facts to be given in under the sanction of an oath. We find no exception, when the fact to be shown is the interest of a witness in the subject of
 
 *446
 
 dispute. Now this improper inquiry was commenced by the defendant, and the irregularity complained of, did not extend to nor affect any other inquiry. If the testimony to which he excepts had
 
 any
 
 weight with the jury, it could have operated only to remove or weaken the impression produced by the testimony which the defendant had given of the witness’s declarations. But this impression itself was altogether improper. The plaintiff might have required of the Court to instruct the jury to disregard those declarations altogether — to strike them out of the evidence. No
 
 injury
 
 was done to the defendant by the reception of the testimony excepted to; and a judgment will not be reversed for inadvertencies or mistakes which
 
 did not
 
 and
 
 could not
 
 affect the rights of him who complains of them. It is the opinion of this Court, that She judgment of the Superior Court should be affirmed*
 

 Per Curiam. Judgment affirmed.