Pearson, J.
 

 We can see nothing to distinguish this case from the ordinary one of an agent, who engages work to be done for and in the name of his principal, whose name and residence he discloses. The agent is under no legal obligation to pay for the work, and if he does pay for it, he will not be able to make good the necessary allegation, that he “ paid money for the use of his principal and at his
 
 instance
 
 and request.”
 

 In this case, the defendant had, on demand made by the builders of the flat, expressly refused to pay. Whether his refusal was upon sufficient cause is not material; he had expressly refused to pay, and a suit was pending against him at the time the plaintifl alleges he paid the money
 
 for him,
 
 but the idea, that he paid it a.t his instance and request, is Out of the question, in the absence of any prior legal obligation to do so, and the defendant had cause to complain, that thereby the matter which he saw proper to contest with
 
 *21
 
 the builders of the flat was, without his consent, put an end to by the officious inteifereuce of the plaintiff, who now seeks to make him pay for the flat, without any inquiry as to the merits of the defence, upon which he was relying in the action brought by the builders.
 

 This disposes of the count “ for money paid.” Upon the other two counts there was no evidence; at all events, the case does not seem to have been made out in reference to them.
 

 ' Per Curiam. ■ There must be a
 
 venire de novo.