J. J. ROBINSON, Administrator of Needham Kennedy, v MARTHA
A. SAMPSON, et. al.

*Evidence, Relevancy of—Issues—Objection to Issues when made.*

1. While the entry of satisfaction of a mortgage on the margin of the
   registry, witnessed by the Register of Deeds, is competent evidence
   of the payment of the debt secured thereby, yet, on an issue "What
   amount, if any, has been paid on the debt due to M. S.," by plain-
   tiff's intestate, entry of satisfaction of intestate's mortgage to a third
   person, introduced for the purpose of showing that the alleged debt
   of M. S. arose from the officious payment by her of such mortgage
   and was, therefore, not a debt of the estate, was irrelevant and in-
   competent.
2. A defect in the form of an issue cannot be assigned as error on appeal
   when not excepted to below.

SPECIAL PROCEEDING commenced before the Clerk of the
Superior Court of WAYNE County, and tried before *Robinson,
J.,* and a jury at Fall Term of said Court, upon an issue of
fact raised by the pleadings. The petition alleged that the
estate was indebted in about the sum of $200.

The second and third paragraphs of the answer were as
follows:

"2. That they are informed and believe that the whole of
the indebtedness of the estate of Needham Kennedy, except
the charges of administration, consists of $150, alleged to
be due Martha Ann Sampson, widow of Needham Kennedy;
that said indebtedness to Martha A. Sampson has been par-
tially paid and discharged, according to their best recollec-
tion and belief, and they respectfully demand that the fol-
lowing issue be submitted to a jury, to-wit:

"What amount, if any, is the estate of Needham Kennedy
indebted to Martha Ann Sampson?

"3. That they have no information, sufficient to form a
belief, of the amount of the charges of the administration,
and therefore deny the same."

The following was the issue certified to the Superior Court in term for trial, and agreed to by both parties, and upon which it was tried :

"What amount, if anything, has been paid on the debt of one hundred and fifty dollars due Martha Ann Sampson?"

It was admitted that said debt of $150 consisted in part of a mortgage given by Needham Kennedy and wife to W. C. Munroe, and another, which the said Martha Ann Sampson alleged she had paid off with her own money.

The defendants offered in evidence said mortgage, and the entry "Satisfied" on the margin of the record, which entry was signed by the mortgagee and witnessed by the Register of Deeds.

(Objected to by plaintiff. Objection sustained, and defendants—other than Martha Ann Sampson—excepted.)

No other evidence was offered. The jury, under the instruction of the Court, answered the issue, "Nothing"; to which defendants, (except Martha Ann Sampson) excepted, and appealed from the judgment rendered thereon,

*Messrs. Allen & Dortch,* for plaintiff.
*Mr. S. W. Isler,* for defendants (appellants).

CLARK, J.: It is competent to introduce as evidence of payment of an indebtedness secured by mortgage the entry of "satisfied" on the margin of the record signed by the mortgagee and witnessed by the Register of Deeds. *The Code,* Sec. 1271. *Prima facie,* satisfaction of the mortgage is that of the debt secured thereby, subject to evidence of an agreement to the contrary. *Burke* v. *Snell,* 42 Arkansas, 57; *Chappell* v. *Allen,* 43 Missouri, 213; *Fleming* v. *Parry,* 24 Pa. St., 47. But the plaintiff contends that on an issue, "What amount, if any, has been paid on the debt of $150 due Martha Ann Sampson?", it is irrelevant to show that she created part of that debt by paying off a mortgage due

plaintiff's intestate. On the form of the issue, this is apparent. We infer that the object of the defendant was to deny part of the indebtedness by showing that it was a mere voluntary and officious payment by Martha Ann Sampson of a mortgage indebtedness of her husband, the plaintiff's intestate, and therefore not an indebtedness of the estate, *Meadows* v. *Smith*, 34 N. C., 18, and the appellant's brief points out that in the answer filed before the clerk the issue asked for was, "What amount, if any, is the estate of Kennedy indebted to Martha Ann Sampson"—an issue which would have made the rejected evidence relevant. But the issue in its present form was settled by the clerk and certified up to the Superior Court at term, without objection, and His Honor was not asked to correct or amend it, as he might have done. *Faison* v. *Williams*, at this term. It is true that the issues arise upon the pleadings, but a defect in the issue cannot be assigned here when not excepted to below. *Wills* v. *Fisher*, 112 N. C., 529; *Moore* v. *Hill*, 85 N. C., 218; *Alexander* v. *Robinson*, Ibid., 275, and cases cited in Clark's Code, Sections 392, 395.

No error.