## DOBSON v. SOUTHERN RAILWAY CO.

(Filed December 10, 1901.)

1. PARTIES—*Who to be Plaintiffs—Amendment—The Code, Secs. 183, 273.*

   The trial judge may allow proper parties to be made to an action already pending.

2. PLEADINGS—*Amendment—Issues of Fact—When to be Tried— The Code, Sec. 400—Continuance.*

   Where an amendment creates a right in the adverse party to be allowed to make corresponding amendments, the disallowance of such right is reviewable error.

3. CONTINUANCES—*Amendments—Answer—Complaint—Pleadings —Issues of Fact—The Code, Sec. 400.*

   Where, at trial term, an amended answer to an amended complaint raises additional issues of fact, the defendant is entitled to a continuance.

4. REMOVAL OF CAUSES—*Domestic Corporations—Foreign Corporations—Parties.*

   Where a part of the plaintiffs are citizens of this state and the defendant is a domestic corporation, or part of the plaintiffs are foreign corporations and the defendant is a foreign corporation, the defendant is not entitled to remove to the Federal Court.

ACTION by Dobson & Whitley and others against the Southern Railway Company, heard by Judge *M. H. Justice* and a jury, at August Term, 1901, of the Superior Court of Mc-Dowell County. From a judgment for the plaintiffs, the defendant appealed.

*Busbee & Busbee,* and *Justice & Pless,* for the plaintiffs. *George F. Bason,* for the defendant.

19——129

DOBSON *v.* RAILROAD.

FURCHES, C. J.   The plaintiffs, Dobson & Whitley, on or before the 12th day of August, 1900, were the owners of a grist mill in the county of McDowell, and on that day it was destroyed by fire.   They had insured this property in three different companies to the amount of $1,800, which amount was paid them by said insurance companies.   The plaintiffs, Dobson & Whitley, commenced this action against the defendant on the 1st day of December, 1900, and in their complaint, filed at Spring Term, 1901 (May 15, 1901), they allege that said property was burned by the negligence of the defendant, and that they were thereby damaged to the amount of $1,995.

At the same term the defendant answered the complaint, denying that it burnt the mill, or that it was negligent, or that it was liable to the plaintiffs in damages for the loss of their property.   But the defendant did not deny the fifth article of the plaintiff's complaint, which fixed the amount of the damages at $1,995.

The case as thus constituted stood for trial at August Term of the Court, and at August Term, upon the motion of the three insurance companies who had paid the plaintiffs the $1,800 insurance money, they were allowed to make themselves parties plaintiff; to amend the complaint; and to allege that the plaintiffs Dobson & Whitley had been damaged $4,900.

The defendant objected to the order of the Court allowing new parties; to the amendments to the complaint; and especially to the increased damages.   But, defendant's objection being overruled, it excepted and answered, denying all the allegations in the amended complaint, and insisted that as the amended pleadings had materially changed the status of the case, it was not ready for trial, and asked that the case be continued; that while it had denied the plaintiff's right to recover, it had never denied but what if plaintiffs were

entitled to recover anything, they were entitled to recover $1,995, as defendant thought plaintiff's property destroyed by the fire was worth that amount, but it did deny that it was worth $4,900. And relying on the amount claimed in the complaint as being the extent of plaintiffs' rights to recover, it had summoned no witnesses as to damages, and was not prepared to try that issue. But the Court overruled the defendant's motion to continue the case, and proceeded with the trial, and defendant excepted, and, upon a verdict and judgment against the defendant for $3,500, appealed to this Court.

The Court has the right to allow parties to be made to an action already pending, and it seems to us that this was a proper case to allow them to be made. The Code, sec. 183; *Isler v. Koonce,* 83 N. C., 55; Clark's Code, 273. The Court also has the right to allow the pleadings to be amended, when the amendments do not constitute a new *cause of complaint.* But this does not reach the merits of defendant's objections.

The defendant had not denied that the plaintiffs had been damaged to the amount of $1,995 by the fire. But it did deny that plaintiffs had been damaged $4,900, and it had a right to make this denial by filing an amended answer. And if it had not been allowed to do so, it would have been such error as would have been reviewed and corrected on appeal to this Court. *Brooks v. Brooks,* 90 N. C., 142. In such cases the defendant is entitled to a continuance. *Sams v. Price,* 119 N. C., 572. To say that because the defendant was allowed to answer, is an answer to what is said in *Brooks v. Brooks,* would be to "stick in the bark," and to ignore the principles of justice and fair dealing upon which it is based. It could do the defendant no good to allow it to answer and deny the new allegations in the amended complaint, and force it into trial at once, without time to get its evidence to sustain its denial.

There was no issue raised by the original pleadings as to

the amount of damage.    The plaintiff alleged it to be $1,995, and the defendant, by not answering this paragraph of the complaint, admitted its truth.    The first time there was any issue raised by the pleadings, as to the amount of damage, was by the amended complaint at August Term, when it was alleged that the damage was $4,900, and the defendant's amended answer denied this allegation.    This issue was then joined for the first time, and section 400 of The Code provides that "issues of fact joined on the pleadings, and inquiries of damages required to be tried by the jury, shall be tried at the term of the Court next ensuing such joinder of issues."    This statute, in connection with the cases cited, we think clearly settles the matter, and the defendant was entitled, as a matter of right, to a continuance.

As there is error, as already pointed out, for which there must be a new trial, we will not enter upon the consideration of the alleged errors in the Judge's charge, nor as to the evidence, as they will likely not be presented on another trial.

But as to the other question—the right to remove to the Federal Court, lies *in limine,* we think it best to discuss and decide it.    And we do not think the defendant's claim to this right can be maintained.    It is true, the defendant did not have this right under the original complaint, for the reason that the amount of damages claimed was less than $2,000 ; and if the amendment had been  to allow the original plaintiffs to increase the amount of damages to $4,900, it would have been a legal fraud on the jurisdiction of the Federal Court to have allowed the amendment.    But the case now stands as if the insurance companies had been original parties; and this being so, the defendant would have had no right to remove the case, and has none now, whether the defendant is treated as a domestic corporation under the act of 1899, or as a foreign corporation.   If it is a domestic corporation, a part of the plaintiffs are citizens of this State.

If it is a foreign corporation, a part of the plaintiffs are foreign corporations. So, in neither view, has the defendant the right to have the case removed.

. But for the error pointed out above there must be a new trial.

New Trial.