CLAUDE GRANT v. JOHN W. MITCHELL.

(Filed 13 September, 1911.)

1. Criminal Conversation—Husband and Wife—Evidence.

In an action brought by the husband for damages for criminal conversation with his wife, the evidence of the wife in behalf of the defendant to rebut the evidence of the plaintiff is incompetent. Revisal, sec. 1636.

2. Parol Evidence — Letters — Contents—Substance—Effect—Questions for Jury.

Witnesses testifying to the contents of letters, when such testimony is admissible, should state their substance as near as may be, and not their effect; and when in an action by the husband for damages for criminal conversation with the wife, a witness is allowed to testify upon the question of defendant's relationship with the wife as to the contents of ten or twelve letters the defendant has written her, it is reversible error for the witness to state, "They were all what I would call love letters, and were couched in very passionate terms."

3. Criminal Conversation—Evidence—Letters from Defendant—Defendant's Conduct—Witness's Conversation.

A relevant letter written by the defendant to plaintiff's wife, in an action for damages for criminal conversation brought by the husband, is competent evidence; as also the conduct of the defendant when questioned as to his relationship and conversations by the witnesses with him respecting it, which are germane to the issue.

APPEAL from *Carter, J.,* at May Term, 1911, of BERTIE.

This is an action, brought by the husband, to recover damages for criminal conversation with his wife.

The plaintiff introduced evidence tending to prove the allegations of his complaint, and evidence to the contrary was introduced by the defendant.

In support of the contention that an improper relationship existed between the wife of the plaintiff and the defendant, the plaintiff introduced J. N. Vann, who after testifying that he knew the handwriting of the defendant, and to facts from which the court found that secondary evidence was admissible, testified as follows:

"I read the whole batch of letters given me by Asa Rice, and can give the substance of them. There were ten or a dozen, or maybe fifteen of them. They were written to plaintiff's wife, and were what I would call love letters, and were couched in very passionate terms. They were written by the defendant."

The defendant in apt time objected to all of the above testimony. Objection overruled, and defendant excepted.

The defendant offered the wife of the plaintiff as a witness to rebut the evidence of the plaintiff. She was held to be incompetent, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Peebles & Harris and Winston & Matthews for plaintiff.*

*Martin, Winborne & Winborne, J. R. Mitchell, and John H. Kerr for defendant.*

ALLEN, J. The wife of the plaintiff was not a competent witness under Rev., sec. 1636, which reads as follows:

"In any trial or inquiry in any suit, action, or proceeding in any court, or before any person having, by law or consent of parties, authority to examine witnesses or hear evidence, the husband or wife of any party thereto, or of any person in whose behalf any such suit, action, or proceeding is brought, prosecuted, opposed, or defended, shall, except as herein stated, be competent and compellable to give evidence as any other witness on behalf of any party to such suit, action, or proceeding. Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any criminal action or proceeding (except to prove the fact of marriage in case of bigamy), or in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery (except to prove the fact of marriage), or in any action or proceeding for or on account of criminal conversation. No husband or wife shall be compellable to disclose any confidential communications made by one to the other during their marriage."

The wife was incompetent as a witness for or against the husband at common law. The statute removes this disability in certain actions, but specifies those actions in which she cannot testify, and as to the one under consideration, "on account of criminal conversation," says: "Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding on account of criminal conversation."

The rule denying the right to the wife to be heard when her character is so seriously assailed seems cruel, but we cannot permit this consideration to induce us to refuse to give effect to the legislative act. She was offered as a witness against her husband in an action on account of criminal conversation, and this the statute says cannot be done. The case of *Broom v. Broom,* 130 N. C., 563, which was an action for divorce, is not an authority for the plaintiff.

In that case the wife was a party, and the decision is upon the ground that she was not testifying "for or against" her husband, but in her own defense.

2

The objection to the evidence of the witness Vann is well taken. He was introduced to testify to the contents of ten, twelve, or fifteen letters, and instead of telling what was in the letters, he gives the impression made on his mind in one sentence: "They were what I would call love letters, and were couched in very passionate terms."

Evidence of the contents of a paper, which has been lost; of conversations, and of the testimony of a deceased witness on a former trial, rest on the same principle. It is not required that the words used should be repeated, but the witness must be able to state the substance of what was written or said, and not its effect.

"In attempting to supply the loss of the testimony of a deceased witness, the secondary evidence ought, manifestly, to be as full, and as nearly the same as that for which it is offered as a substitute, as possible. The very words which the deceased witness spoke would be the best, and were formerly supposed to be necessary (see *King v. Joliffe*, 4 Term Rep., 290); but that strictness, having made the rule impracticable, has long since been abandoned. The secondary witness may now give the *substance*, but not the mere *effect* of the former testimony. To allow him to state the latter only would be to permit him to decide upon the effect of the testimony, instead of submitting it to the jury, to whom it properly belongs." *Jones v. Ward*, 48 N. C., 26.

"Upon the death of a witness who has been examined in a judicial proceeding, such examination is admissible as secondary evidence in a subsequent trial between the same parties. Here it is required that the secondary evidence should be full, because it is offered as a substitute. The testimony of the deceased witness should be placed before the new, as the law required it to be placed before the former triers. Both are entitled not only to the truth, but to the whole truth. The copy must be ascertained to be faithful before it is admitted as a representative of the original. Besides, to receive an avowedly imperfect account of what had been formerly testified in lieu of the former testimony itself would be to encourage the party to offer partial instead of full secondary evidence. He would be interested to

seek out such witnesses as remembered only those portions of the former testimony as made in his favor." *Ingram v. Watkins,* 18 N. C., 444.

The principle here announced has been approved many times in this Court. *Wright v. Stowe,* 49 N. C., 518; *Buie v. Carver,* 73 N. C., 265; *Paine v. Roberts,* 82 N. C., 452; *Carpenter v. Tucker,* 98 N. C., 317.

The purpose of the rule is to place before the jurors, as near as possible, the substitute for the original, and let them pass on its effect.

If it were otherwise, the opinion of an adverse witness would be evidence, or the jury might hear the parts of a writing prejudicial to a party, when in the same writing there are expressions, qualifying what is testified to, of which the jurors would have no knowledge.

The letter of the defendant to the wife of the plaintiff was competent, as was also the evidence of witnesses as to the conduct of the defendant and conversations with him.

We find no error in the charge of his Honor, or in his refusal to give certain instructions prayed for by the defendant.