### J. B. McCALL v. M. W. GALLOWAY.

(Filed 28 May, 1913.)

1. **Issues—Objections and Exceptions—Appeal and Error—Issues Sufficient.**

   When the appellant fails to tender issues which he considers necessary and proper to present his case to the jury, he may not take advantage of the failure of the court to give them, by an exception to the issues submitted by the court. He must point out at the time the errors therein complained of. The issues submitted in this case presented every phase of the controversy, and no error therein is found.

2. **Husband and Wife — Enticing Wife — Criminal Conversation— Declarations of Wife—Evidence—Interpretation of Statutes.**

   In an action brought by the husband against the defendant for unlawfully enticing the plaintiff's wife from him, etc., declarations of the wife as to improper relations with the defendant are incompetent as evidence. Revisal, sec. 1636.

APPEAL by defendant from *Long, J.,* at August Term, 1912, of TRANSYLVANIA.

Civil action, tried upon these issues:

1. Did the defendant M. W. Galloway unlawfully entice the plaintiff's wife from him and unlawfully and licentiously debauch and carnally know her, as alleged in the complaint? Answer: Yes.

2. What damages, if any, has the plaintiff sustained by reason of the defendant's alleged wrongful acts? Answer: Five hundred dollars ($500).

From the judgment rendered, the defendant appealed.

*George A. Shuford, D. L. English, and Manning & Kitchin for plaintiff.*

*Welch Galloway and W. W. Zachary for defendant.*

BROWN, J. There is evidence in the record sufficient to be submitted to the jury tending to establish the allegations of the complaint. It is unnecessary and will serve no good purpose to set it out.

The defendant excepted to the issues, but tendered no others.

If the issues framed by the court are deemed insufficient to develop the case, the party prejudiced thereby must lay the

foundation for an exception and appeal by suggesting the proper corrections at the time. *Moore v. Hill,* 85 N. C., 218; *Robinson v. Sampson,* 121 N. C., 99.

The defendant having failed to tender such issues as he deemed essential, cannot now assign as error the failure of the court to submit such issues. Clark's Code, sec. 391, and cases cited.

The issues submitted by the court are the real issues raised by the pleadings, and were properly submitted. Under them the defendant had opportunity to submit any evidence pertinent in his defense.

Exception is taken to the ruling of his Honor in admitting the testimony of Tom Loftis, a witness for the plaintiff, as to acts of intimacy between plaintiff's wife and defendant subsequent to the time the action was brought.

This evidence was admitted only as corroborative of the principal allegation and to be considered by the jury only as it may tend to corroborate the proof as to the relations of the defendant and plaintiff's wife prior to the commencement of the action. We see no error in this.

The defendant contends that the court erred in excluding the following evidence contained in the deposition of Mrs. J. P. Malley:

"Did you ever hear Mrs. Etta McCall, wife of J. B. McCall, while in the presence of her husband, make any statement in regard to the suit pending between her husband and M. W. Galloway? Answer: 'Yes.'"

The plaintiff in apt time objected to the foregoing question and answer. The objection was sustained, and the defendant excepted.

Question 20 in said deposition was as follows: "Please give, as nearly as you can, what the conversation was, and all that she said in his presence to you about this case? Answer: Mrs. McCall told him in my presence that she was not going into court and swear to any pack of lies for him or anybody else; that she had heard all about swearing for him that she wanted to hear, and that she would die before she would be made to do such a thing. She said further that he had made her go before the clerk of the court and swear enough to send her soul to hell, if she had been held accountable for it."

Of course, the declarations and conduct of the defendant are competent against him, but as we construe this, it is intended solely to put in evidence the declarations of the wife as against the husband, and it is therefore incompetent. This Court said in *Grant v. Mitchell*, 156 N. C., 15, that "in an action brought by the husband for damages for criminal conversation with his wife, the wife was incompetent as a witness for or against the husband at common law. The statute (Revisal, sec. 1636) removes this disability in certain actions, but specifies those actions in which she cannot testify, and as to the one under consideration, 'on account of criminal conversation,' says: 'Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding on account of criminal conversation.'"

There are several other assignments of error which it is unnecessary to consider.

We have examined the entire record, and find

No error.