PERRY HYATT v. W. L. McCOY.

(Filed 21 December, 1927.)

1. **Verdict — Reduction of Damages — Consent — Discretion of Court — Judgments—Statutes—Constitutional Law—Appeal and Error.**

The discretionary power of the trial judge to set aside the verdict of the jury for "excessive" or "inadequate" damages, does not extend to his authority to reduce the verdict and render judgment accordingly, unless assented to by the party against whose interest it has been done, C. S., 591; Constitution of N. C., Art. IV, sec. 8, and without this consent the Supreme Court, on appeal, will direct that the amount of the judgment be entered according to the verdict.

2. **Husband and Wife—Seduction—Alienation of Wife's Affection—Evidence.**

In an action brought by the husband to recover damages for seduction and the alienation of his wife's affection, it is competent to show in connection with other probative evidence introduced at the trial, for the purpose either of corroboration or the means by which the wife's affections were alienated, the defendant's offer of money, efforts to have the wife leave the State, repeated expressions of his affection for her, and the effect the defendant's conduct had on the mind of the plaintiff.

3. **Same—Personal Injuries.**

In an action brought by the husband for the seduction of his wife, and the alienation from him of her affections, it is competent to show that the husband was paralyzed from a personal injury received while in defendant's employment, which was made use of by the latter for the accomplishment of his purpose, and allegations to that effect in the complaint should not be stricken out on defendant's motion.

4. **Same—Subsequent Relations of Husband and Wife—Intercourse.**

Where the evidence tended to show that the plaintiff, in an action to recover damages for the seduction of his wife and the alienation from him of her affections, had received a personal injury while in the service of the defendant, and that the defendant made use of this injury in the pursuit of his purpose, evidence that since the injury he had not had intercourse with his wife is properly excluded, on the issue as to whether the defendant had had immoral relations with her.

HYATT *v.* McCoy.

5. **Appeal and Error—Evidence Withdrawn From Jury—Instructions—Objections and Exceptions.**

> The admission of improper or incompetent evidence, when ordered stricken out by the court, does not constitute reversible error, especially when the jury is particularly instructed not to consider or be influenced by it.

6. **Husband and Wife—Seduction—Alienation of Wife's Affection—Evidence—Declarations.**

> In an action by the husband to recover damages for the alienation of his wife's affections, etc., testimony by the plaintiff of conversations he had had with her, is competent on the question of corroborating his wife's evidence and to show in part his humiliation, bearing upon the issue as to his damages, but not as to the criminal conversation between the defendant and the plaintiff's wife.

7. **Appeal and Error—Instructions—Excerpts From Charge.**

> Excerpts from the judge's instructions to the jury will not be held for error, if construed in connection with related parts of the entire charge, no error has been committed.

APPEAL from *Black, Emergency Judge,* at November Special Term, 1926, of MACON.

The plaintiff brought suit to recover damages for the seduction of his wife and the alienation of her affections. The jury returned the following verdict:

1. Did the defendant, W. L. McCoy, alienate the affections of plaintiff's wife, as alleged in the complaint? Answer: Yes.

2. Did the defendant, W. L. McCoy, have immoral relations with the plaintiff's wife, as alleged in the complaint? Answer: Yes.

3. What amount of actual damages, if any, is the plaintiff entitled to recover? Answer: $10,000.

4. What amount of punitive damages, if any, is the plaintiff entitled to recover? Answer: $2,000.

Judgment in favor of plaintiff for $10,000. Both the plaintiff and the defendant appealed for error assigned. On plaintiff's appeal reversed; on defendant's appeal no error.

*Horn & Poindexter and Bryson & Bryson for plaintiff.*

*Moody & Moody, McKinley Edwards and H. G. Robertson for defendant.*

PLAINTIFF'S APPEAL.

ADAMS, J. When the plaintiff moved for judgment upon the verdict the trial judge "in the exercise of his discretion" reduced the sum awarded as actual damages in answer to the third issue from $10,000

to $8,000, and the plaintiff excepted. The exception presents the question whether the order reducing the damages was a matter of discretion and therefore reviewable only in case of abuse or whether it involved a matter of law or legal inference within the meaning of Article IV, section 8 of the Constitution.

It is provided by statute that the judge who tries the cause may in his discretion entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial . . . for excessive damages (C. S., 591); and it has been said "that there is no reason which can be advanced in favor of setting aside verdicts because of excessive damages which does not apply to setting aside for inadequacy of damages." *Benton v. Collins,* 125 N. C., 83. So it has been held in a number of cases that to set aside a verdict and to grant a new trial for excessive or inadequate damages is, as a rule, the irreviewable right of the presiding judge. *Benton v. R. R.,* 122 N. C., 1008; *Burns v. R. R.,* 125 N. C., 304; *Gray v. Little,* 127 N. C., 304; *Phillips v. Telegraph Co.,* 130 N. C., 513; *Abernethy v. Yount,* 138 N. C., 337; *Boney v. R. R.,* 145 N. C., 248; *Billings v. Observer,* 150 N. C., 540; *Decker v. R. R.,* 167 N. C., 26.

But this Court has been equally positive in holding that the trial judge cannot amend, reform, or reduce the amount of a verdict and give judgment thereon as reformed or amended without the consent of the party in whose favor the verdict was returned. *Shields v. Whitaker,* 82 N. C., 516; *Sprinkle v. Wellborn,* 140 N. C., 163; *Isley v. Bridge Co.,* 143 N. C., 51; *Cohoon v. Cooper,* 186 N. C., 26, 28. Many of the authorities sustaining this position have been collected and cited in the note to *Tunnel Co. v. Cooper,* 39 L. R. A. (N. S.), 1064. See, also, *Harvey v. R. R.,* 153 N. C., 567. In *Brown v. Power Co.,* 140 N. C., 333, the verdict was reduced, but the plaintiff did not except.

In reducing the compensatory damages from $10,000 to $8,000 in disregard of the plaintiff's objection to the diminution and in giving judgment on the verdict for the diminished amount the court committed an error which the plaintiff is entitled to have corrected. To this extent the judgment should be reformed.

Reversed.

## DEFENDANT'S APPEAL.

ADAMS, J. Of the one hundred and sixty assignments of error sixty-eight are left out of the appellant's brief and must be treated as abandoned. 192 N. C., 852, Rule 28. We have examined those which have not been abandoned and find it as unnecessary as it is inexpedient to discuss them separately. Many of them, relating to the same subject-

HYATT *v.* McCoy.

matter, may be considered together. Those in the first group, subdivided as (a), (b), (c) and (d) in the appellant's brief have reference to testimony which was admitted for the purpose either of corroboration or of showing the means by which the defendant alienated the affections of the plaintiff's wife, including the offer of money, efforts to have her leave the State, repeated expressions of his affection, or the effect the defendant's conduct had on the mind of the plaintiff. We see no reason for the rejection of this evidence. It was certainly pertinent to the first issue; and in our opinion, when considered in connection with the first two issues, the court's refusal to strike out the whole of the fifth and sixth paragraphs of the complaint was free from error. These paragraphs set forth the paralyzed condition of the plaintiff resulting from personal injury received while in the defendant's service, and according to the plaintiff's evidence made use of by the defendant for the accomplishment of his purpose. The court withdrew from the jury all evidence tending to show that since the plaintiff's injury there had been no intercourse between him and his wife, and expressly cautioned the jury not only that this evidence should not be considered, but that the testimony of Mrs. Hyatt should be considered so far as it tended to establish the matters involved in the first but not in the second issue.

The admission of improper or incompetent evidence which is withdrawn from the jury and stricken out will not constitute reversible error, especially when the jury is particularly instructed not to consider it or to be influenced by it in making up the verdict. In *S. v. May,* 15 N. C., 328, *Ruffin, C. J.,* remarked: "If improper evidence be received, it may afterwards be pronounced incompetent, and the jury instructed not to consider it"; and the principle embodied in this concise statement has been recognized and enforced without material variation. *McAllister v. McAllister,* 34 N. C., 184; *Gilbert v. James,* 86 N. C., 245; *Toole v. Toole,* 112 N. C., 153; *Cowles v. Lovin,* 135 N. C., 488; *Cooper v. R. R.,* 163 N. C., 150; *Raulf v. Light Co.,* 176 N. C., 691. But the appellant contends that the error was not cured because the jury was instructed to consider all the evidence. That the instruction referred to all the evidence which had been admitted and had not been withdrawn is apparent from the positive caution given in the following parts of the charge: "The court cautions you and charges you that it is the law that the testimony of Mrs. Hyatt can only be considered with reference to the charge of alienation of her affections. Our law does not permit, and very wisely, a woman in a situation of this kind to testify as to facts which would tend to establish the second charge in this case, that is, the charge of criminal intercourse. Our lawmakers have in their wisdom decided this would lay down too broad an opening for fraud

and collusion, and have enacted a statute prohibiting a woman in all cases of this kind to testify as to acts of adultery. . . . Upon the second issue the court charges the jury that the wife of the plaintiff is not a competent witness for the plaintiff to show criminal intercourse between herself and the defendant, and the jury in passing upon this issue will not consider her testimony for such purpose."

Other exceptions under subdivision (d), taken to the admission of the plaintiff's testimony of conversations between himself and his wife after his discovery of her condition, seem to be based on the theory that the declarations of the wife concerning her improper relations with the defendant were incompetent. In *McCall v. Galloway,* 162 N. C., 353, it is said that the excluded testimony was intended to put in evidence the declarations of the wife against her husband. But not so in the present case; the case cited is therefore not an authority for the appellant's position. It was not admitted as evidence for or against the plaintiff on account of criminal conversation between his wife and the defendant; it was competent as tending in part to corroborate Mrs. Hyatt and in part to show the humiliation and suffering endured by the plaintiff in consequence of the defendant's wrong.

The appellant's motion to dismiss the action as in case of nonsuit was properly denied. We do not assent to the proposition that there was no evidence that the wife's affections had been alienated or, excluding the testimony of Mrs. Hyatt, that there was no evidence to justify the answer to the second issue. The evidence was clearly sufficient to sustain the verdict. *Grant v. Mitchell,* 156 N. C., 15, 19; *Powell v. Strickland,* 163 N. C., 394; *Cottle v. Johnson,* 179 N. C., 426.

The appellant has assigned for error several excerpts from the instructions given the jury. We have carefully examined them one by one in their relation to the whole charge, and have not discovered any error entitling the appellant to a new trial. To dwell upon or to outline these instructions would unduly prolong the opinion and would serve no useful purpose. Those not restricted to a recital of the contentions embrace a statement of legal principles which have frequently been approved.

On defendant's appeal we find no error. The plaintiff is entitled to a judgment for the full amount awarded by the jury, both as to compensatory and as to punitive damages.

No error.