## C. H. ROUSE v. J. M. CREECH.

### (Filed 26 October, 1932.)

**Husband and Wife E c—Complaint in this case alleged cause of action for criminal conversation, and testimony of wife was incompetent.**

Where in a civil action the complaint alleges that the defendant proposed sexual intercourse with the plaintiff's wife, and upon her refusal persisted and overcame her with the power of his personality and the force of persuasion to such an extent that she was unable to resist him, etc., without any allegation that such result was procured through physical force, violence, drugs, intoxicants or other forms of coercion: *Held*, the allegations of the complaint are insufficient to constitute rape or ravishment, but alleges only a cause of action for criminal conversation, and the testimony of the wife relating thereto is incompetent under the provisions of C. S., 1801.

CIVIL ACTION, before *Daniels, J.*, at February Term, 1932, of BEAUFORT.

This is an action by the husband against the defendant, a minister, for damages for carnal knowledge of plaintiff's wife. Plaintiff and his wife are still living together, but plaintiff alleged in paragraph 3 of the complaint that "plaintiff's wife became obsessed by and subservient to the defendant's doctrines and wonderful powers and unheard of acts bearing evidence of great and extraordinary and unnatural possession of divination, and was enchanted by him and became easily subject to his will and the power of his personality, to the extent that she was unable to resist his influence and the force of his persuasions; that, under the condition above stated, in the privacy of plaintiff's home, defendant wrongfully, maliciously, with great cruelty and wickedness, and with grossly wanton indifference to plaintiff's rights, proposed sexual intercourse to plaintiff's wife, and, being first refused, followed up the said wicked proposal and persisted in same, and exercised his peculiar influence until he finally overreached her and overcame her powers of resistance and protestations of wrong and expressions of unwillingness, and actually had sexual intercourse with plaintiff's wife in plaintiff's home, and debauched and carnally knew her."

The defendant filed an answer alleging that he had been a minister of the gospel for twenty-seven years, and denying all material allegations in the complaint.

At the trial the plaintiff offered his wife as a witness, and the record shows the following: "The witness being asked 'Where were you living at the time you say the things happened as alleged in the complaint?'

The defendant objected. It is admitted, if allowed to answer, the witness would have testified that defendant had sexual intercourse with her in her home and without her husband's consent. Objection sustained to both the question and the answer, and the plaintiff excepts. Plaintiff having announced in open court that he would submit to judgment as of nonsuit because of the ruling of the court on the competency of evidence offered by plaintiff; plaintiff stating that he had no evidence other than that objected to, submitted to a nonsuit."

Judgment of nonsuit was entered and the plaintiff appealed.

*Ward & Grimes for plaintiff.*
*Ward & Ward and MacLean & Rodman for defendant.*

BROGDEN, J. In a civil action for damages, brought by the husband for debauching his wife, is the testimony of the wife competent and admissible to prove the act or acts of adultery?

Apparently it was admitted at the trial that the only evidence of adultery was the proffered testimony of the wife. C. S., 1801, provides: "Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any actions or proceedings in consequence of adultery, . . . or in any action or proceeding for or on account of criminal conversation," etc. Obviously the express wording of the statute would exclude the testimony of the wife, but the plaintiff contends that the action is not for criminal conversation, but is in the nature of a ravishment resulting from overpowering mental force exerted by the defendant upon the resistance of the wife. There is no evidence of physical violence, threats, or other demonstrations of physical coercion. The complaint alleges that the defendant preached strange doctrine, evidencing "extraordinary and unnatural possession of divination." This allegation is doubtless reminiscent of "a certain damsel possessed with the spirit of divination," who met the Apostle Paul at Philippi, and who "brought her master much gain by soothsaying." It is also alleged that the blandishments and enchanting personality of defendant rendered plaintiff's wife "unable to resist his influence and the force of his persuasions." Consequently, the bald question is whether the power of personality and force of persuasion exerted by a man upon the mind of a woman constitutes such force, violence or coercion as to amount to a ravishment, or is of such character as to render the resulting adultery involuntary. The pertinent cases upon the subject disclose that the courts usually classify ravishment or rape as the result of bodily violence. No decision has been found which holds that the breakdown of feminine resistance, pro-

duced merely by overpowering personality or persistent and unremitting persuasion, is sufficient to turn adultery into rape or ravishment.

The plaintiff relies upon *Hirdes v. Cross,* 146 N. W., 646, 51 L. R. A. (N. W.), 373. In that case the defendant furnished the wife with a quart of whiskey and induced her to drink to such an extent that she became "so intoxicated that she was not in a condition to resist the action of said Hirdes, and that, while in such condition produced by him, he had sexual intercourse with her, she not being able, by reason of such intoxication, to resist his acts and conduct." The Michigan statute involved in that case was similar to C. S., 1801. The wife was offered as a witness to prove the adultery and the Court said: "We are of the opinion that it would be competent for her to so testify, and, should those facts be shown to the satisfaction of a jury, that they would be warranted in finding that the conduct of said Hirdes, under such circumstances, amounted to rape." However, in the case at bar, there is no allegation of rape unless the words "was enchanted by him and became easily subject to his will and the power of his personality, to the extent that she was unable to resist his influence and the force of his persuasions," sufficiently allege rape or ravishment. The Court is of the opinion that this language is not adequate for such purpose.

The mere fact that a man out-talked a woman and over-persuaded her to do wrong, does not constitute rape or involuntary intercourse, resulting from force, threats, drugs, intoxicants or other forms of coercion.

The cause of action, as alleged in the complaint, is for criminal conversation and falls within the inhibitions of C. S., 1801. Commenting upon the philosophy of the statute, *Adams, J.,* in *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807, approved the following instruction: "Our law does not permit, and very wisely, a woman in a situation of this kind to testify as to facts which would tend to establish the second charge in this case, that is, the charge of criminal intercourse. Our lawmakers have in their wisdom decided this would lay down too broad an opening for fraud and collusion, and have enacted a statute prohibiting a woman in all cases of this kind to testify as to acts of adultery. . . . Upon the second issue the court charges the jury that the wife of plaintiff is not a competent witness for the plaintiff to show criminal intercourse between herself and the defendant, and the jury in passing upon this issue will not consider her testimony for such purpose."

Affirmed.