MRS. FRANCES C. KNIGHTEN v. MRS. VIOLA McCLAIN.

(Filed 24 September, 1947.)

**1. Husband and Wife §§ 26, 33—**

The wife may maintain an action for criminal conversation with her husband and alienation of his affections.

**2. Husband and Wife §§ 28, 35—**

> In the wife's action for criminal conversation with her husband and the alienation of his affections, testimony by the wife relative to statements made to her by her husband tending to show his illicit relationship with defendant are incompetent. G. S., 8-56.

APPEAL by defendant from *Nettles, J.,* at January Term, 1947, of BUNCOMBE.

Civil action to recover damages for criminal conversation with plaintiff's husband and the alienation of his affections. There was a verdict for the plaintiff, and from judgment entered thereon, the defendant appealed, assigning error.

*Don C. Young for plaintiff.*
*John C. Cheesborough, S. J. Pegram, and J. W. Haynes for defendant.*

DENNY, J.   The defendant demurred *ore tenus* in this Court on the ground that a wife cannot maintain an action against another for criminal conversation with her husband and the alienation of his affections. The demurrer cannot be sustained.

We concur in what was said in *Hinnant v. Power Co.,* 189 N. C., 120, 126 S. E., 307, with respect to the right of a wife to maintain an action of this character, as follows: "Whatever her former status may have been, the doctrine of marital equality now clothes her substantially with similar relative rights, from which it follows that for a direct and intentional invasion of the right of *consortium* such as criminal conversation, alienation of affection, or the inhibited sale of narcotic drugs, an action now lies in favor of the husband or the wife."

The defendant assigns as error the admission of testimony by the plaintiff, over defendant's objection, relative to statements made to the plaintiff by her husband, which statements tended to show his illicit relationship with the defendant. The admission of this evidence was error. The statute, G. S., 8-56, among other things, provides: "Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery (except to prove the fact of marriage) ; or in any action or proceeding for or on account of criminal conversation, except that in actions of criminal conversation brought by the husband in which the character of the wife is assailed she shall be a competent witness to testify in refutation of such charges."

Declarations of plaintiff's husband as to his improper relationship with the defendant are incompetent as evidence for plaintiff in this

action. *Grant v. Mitchell,* 156 N. C., 15, 71 S. E., 1087; *McCall v. Galloway,* 162 N. C., 353, 78 S. E., 429, and what is said in *Hyatt v. McCoy,* 194 N. C., 762, 140 S. E., 807, as to the admission of such evidence for some purposes, will not be held to modify this rule.

The defendant is entitled to a new trial, and it is so ordered.

New trial.