SHIRLEE B. BECKER v. DAVID H. BECKER.

(Filed 4 November, 1964.)

**1. Trial § 3—**

Issues in a case are joined from and after the date of the filing of the answer of defendant, and defendant cannot be entitled as a matter of right under G.S. 1-173 to a continuance where the case is set for trial the third week of a term beginning over a month after the issue is joined when defendant is given notice some two weeks prior to the time of trial that plaintiff would withdraw his motion to strike matter from the answer.

**2. Same—**

Amendment to the pleadings will not entitle movant to a continuance when movant himself submits the amendment, certainly where the amendment raises no additional issue of fact.

**3. Same—**

A motion for continuance is addressed to the sound discretion of the trial judge and in the absence of a manifest abuse of discretion his ruling thereon is not reviewable.

**4. Constitutional Law § 4—**

A party waives the right to jury trial in a civil action by failure to follow the statutory procedure to preserve such right.

**5. Same; Divorce and Alimony § 2—**

A defendant waives his right to trial by jury in an action for divorce on the ground of two years' separation when he fails to file a request therefor prior to the call of the action for trial, G.S. 50-10, and the fact that defendant had alleged a cross action for divorce for adultery does not affect this result when defendant withdraws his cross action before the case is called.

**6. Divorce and Alimony § 14; Evidence § 12—**

In an action for divorce the court properly refuses to allow defendant husband to testify in regard to the alleged adulterous conduct of his wife. G.S. 8-46, G.S. 50-10.

**7. Judgments § 18—**

The procedure to attack a consent judgment for fraud or mutual mistake is by independent action, and therefore in the wife's action for divorce on the ground of two year's separation the husband is not entitled to attack

BECKER *v.* BECKER.

a prior separation agreement embodied in a consent judgment for fraud or mutual mistake, the action for divorce on the ground of separation not being bottomed on the consent judgment, and the consent judgment being relied upon merely to show the agreement to live separate and apart.

**8. Divorce and Alimony §§ 4, 13—**

In an action for divorce on the ground of two year's separation where the parties have lived separate and apart for more than two years pursuant to a separation agreement embodied in a consent judgment entered in a court of competent jurisdiction, the consent judgment legalizes the separation and the husband is not entitled to plead adultery of the wife as recrimination.

APPEAL by defendant from *Froneberger, J.,* 6 April 1964 Civil Session of BUNCOMBE.

This is an action instituted on 13 December 1963 for absolute divorce on the ground of two years separation, pursuant to a separation agreement executed by the parties on 12 December 1961.

The defendant filed an answer admitting the two years separation of the parties and further admitting that the separation agreement had been reduced to a consent judgment in the General County Court of Buncombe County, North Carolina, on 12 December 1961. Defendant, however, in his answer, pleaded the adultery of the plaintiff in recrimination and set up a cross action for an absolute divorce on the ground of the alleged adultery of his wife with various third persons.

The defendant also alleged that the above-mentioned consent judgment upon which the plaintiff bases her action for divorce, was obtained by fraudulent representations, and prayed that said judgment be set aside.

On 13 February 1964, plaintiff filed a motion to strike certain parts of defendant's answer on the ground that they were irrelevant and prejudicial to the plaintiff. Two weeks, however, before the call of the case for trial, plaintiff informed defendant's counsel that the motion to strike would be withdrawn, no hearing having been had thereon.

The case was calendared for trial on 8 April 1964, and counsel for plaintiff informed the court upon the call of the case that plaintiff would withdraw her motion to strike. Defendant then informed the court that he would withdraw his plea for relief on his cross action for divorce on the ground of adultery, but that he would amend or rely upon the adultery of his wife as alleged in his answer in recrimination to bar the action for divorce on the ground of two years separation. Defendant thereupon moved for a continuance.

The motion of the plaintiff to withdraw her motion to strike, and the motion of the defendant to withdraw his cross action and to amend his plea of adultery on the part of the plaintiff in recrimination as a bar to

plaintiff's prayer for divorce, were allowed. Defendant's motion for continuance was denied. The court then announced that the case would be tried under the provisions of G.S. 50-10, without a jury, on the plaintiff's complaint and the defendant's answer as amended. The defendant then for the first time demanded a jury trial. The court overruled the defendant's demand because defendant had failed to make a timely demand for a jury trial in accordance with the requirements of G.S. 50-10.

The court heard the evidence of the plaintiff and of the defendant, and answered the issues as follows:

"1.   Has the plaintiff been a bona fide resident of the State of North Carolina for more than six months immediately preceding the institution of this action.

"ANSWER:   Yes.

"2.   Were plaintiff and defendant lawfully married, as alleged in plaintiff's complaint?

"ANSWER:   Yes.

"3.   Have plaintiff and defendant lived continuously separate and apart for more than two years prior to the institution of this action, as alleged in the plaintiff's complaint?

"ANSWER:   Yes.

"4.   Did the plaintiff commit adultery, as alleged in the answer?
"ANSWER:   No."

Judgment was entered on the verdict, granting plaintiff an absolute divorce from the defendant.

Defendant appeals, assigning error.

*Lamar Gudger for plaintiff appellee.*
*Shelby E. Horton, Jr., William J. Cocke for defendant appellant.*

DENNY, C.J.   Defendant's first four assignments of error are directed to the refusal of the court below to continue the case.

According to the record, summons and verified complaint were served on the defendant on 13 December 1963. The defendant filed answer on 29 January 1964. The calendar on which this case was placed for trial was a three weeks session of civil court. This case was set for trial on Wednesday, 8 April 1964, of the third week of the session, and two weeks before the case was called for trial the plaintiff's counsel informed defendant's counsel that the motion to strike would be with-

drawn. The defendant contends he was put to a great disadvantage because the motion to strike was not withdrawn until the call of the case and came as a surprise. This contention is feckless.

Defendant's counsel knew the motion would be withdrawn and had known it for two weeks. Moreover, unquestionably, the court calendar had been prepared and distributed to the members of the Buncombe County Bar some time prior to the beginning of the session, and defendant's counsel knew when this case was to be called for trial. As a matter of fact, the defendant amended his answer only in one respect after withdrawing his cross action. He simply inserted the name of an alleged correspondent in adultery. The defendant cannot claim the right to a continuance based on his own amendment which did not materially change his allegations of recrimination already pleaded in his answer. An amended pleading at the session the case is called for trial, which raises additional issues of fact, may justify the continuance of the case on motion of the opposing party. However, such amendment will not ordinarily justify a continuance on motion of the party submitting the amendment. The amendment to the defendant's answer raised no new issues of fact; therefore, the rule laid down in *Dobson v. Railway Co.,* 129 N.C. 289, 40 S.E. 42, is not applicable.

Moreover, in our opinion, G.S. 1-173, upon which the defendant relies, is not applicable to the facts in this case. The plaintiff tried her case on her original complaint which had been filed and served on the defendant on 13 December 1963. The defendant had filed his answer on 29 January 1964; therefore, the issues had been joined from and after that date. Furthermore, a motion for continuance is addressed to the sound discretion of the trial judge, and in the absence of manifest abuse of such discretion his ruling thereon is not reviewable. *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1; *Hayes v. Ricard,* 251 N.C. 485, 112 S.E. 2d 123; *Sykes v. Blakey,* 215 N.C. 61, 200 S.E. 910. The defendant does not contend there was an abuse of discretion but claims he was entitled to a continuance as a matter of right under G.S. 1-173. We do not so hold and these assignments of error are overruled.

The defendant assigns as error the refusal of the court below to grant defendant a jury trial on plaintiff's cause of action for divorce, upon motion made after the case was called for trial.

G.S. 50-10 was amended by Chapter 540 of the Session Laws of North Carolina, 1963, by adding the following: "Notwithstanding the above provisions, the right to have the facts determined by a jury shall be deemed to be waived in divorce actions based on two (2) years separation as set forth in G.S. 50-5(4) or 50-6, where defendant has been personally served with summons, or where the defendant has accepted

service of summons, whether within or without the State, unless such defendant, or the plaintiff, files a request for a jury trial with the clerk of the court in which the action is pending, prior to the call of the action for trial.

"In all divorce actions tried without a jury as in this section provided the presiding judge shall answer the issues and render judgment thereon."

"A party may waive the right to a jury trial in civil actions by failure to follow the statutory procedure to preserve such right." Strong's N. C. Index, Constitutional Law, Volume 1, Section 4, page 518; *Caudle v. Swanson*, 248 N.C. 249, 103 S.E. 2d 357; *Furniture Co. v. Baron*, 243 N.C. 502, 91 S.E. 2d 236; *Bartlett v. Hopkins*, 235 N.C. 165, 69 S.E. 2d 236; *Chesson v. Container Co.*, 223 N.C. 378, 26 S.E. 2d 904.

The mere fact that the defendant decided to withdraw his cross action, which if it had been tried would have been tried by a jury, does not justify his position in demanding a jury for the trial of plaintiff's cause of action for divorce without complying with the statutory requirements. Doubtless, defendant knew he was going to withdraw his cross action before the case was called, but he failed to request a jury trial on plaintiff's cause of action. He never filed a request for a jury trial with the Clerk of the Superior Court of Buncombe County before the case was called for trial as required by G.S. 50-10.

This assignment of error is overruled.

The defendant further assigns as error the refusal of the court below to allow him to testify as to the adulterous disposition of the plaintiff in support of his allegations of recrimination.

Among other things, it is provided in G.S. 8-56: "* * * Nothing herein shall render any husband or wife competent or compellable to give any evidence for or against the other in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery; or, in any action or proceeding for or on account of criminal conversation, except that in actions of criminal conversation brought by the husband in which the character of the wife is assailed she shall be a competent witness to testify in refutation of such charges * * *."

Likewise, it is provided in G.S. 50-10 that in a trial pursuant thereto, "neither the husband nor wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either party be received as evidence to prove such fact."

In the case of *Perkins v. Perkins*, 88 N.C. 41, *Ruffin, J.*, said: "The provision of the statute (Battle's Revisal, Chapter 17, Section 341, now G.S. 8-56) is so pointed and its language so plain — that in such trials,

neither the husband nor the wife shall be a competent witness to prove the adultery·of the other, nor shall the admissions of either be received as evidence to prove such fact — as to leave no room for doubt or construction."

The proffered evidence was clearly inadmissible. G.S. 8-56; G.S. 50-10; *Knighten v. McClain,* 227 N.C. 682, 44 S.E. 2d 79; *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933; *McCall v. Galloway,* 162 N.C. 353, 78 S.E. 429; *Grant v. Mitchell,* 156 N.C. 15, 71 S.E. 1087, Ann. Cas. 1912D, 1119.

The defendant sought to introduce evidence to establish fraud in the procurement of the consent judgment entered on 12 December 1961 in the General County Court of Buncombe County. He assigns as error the refusal of the court below to admit such evidence. The ruling of the court below, in our opinion, was correct.

It is a well settled principle of law in this jurisdiction that a consent judgment cannot be modified or set aside without the consent of the parties thereto except for fraud or mutual mistake, and the proper procedure to vacate such judgment is by an independent action. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *King v. King,* 225 N.C. 639, 35 S.E. 2d 893; *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209, and cited cases.

The plaintiff does not bottom her cause of action for divorce on the above judgment, but merely relies thereon to show when the plaintiff and the defendant entered into an agreement to live separate and apart from each other. Therefore, the defendant is not entitled to have such judgment set aside upon the ground of fraud in its procurement in this action. McIntosh, North Carolina Practice and Procedure, Judgments, section 1718, at· page 174.

This assignment of error is likewise overruled.

The defendant admits in his answer that he and the plaintiff lived separate and apart for two years next preceding the institution of this action.

In *Sears v. Sears,* 253 N.C. 415, 117 S.E. 2d 7, the defendant had obtained a divorce from bed and board in the Supreme Court of New York because of the cruel and inhuman treatment by the defendant therein, the plaintiff herein, and the Court ordered the defendant husband to pay permanent support and maintenance. Thereafter, the defendant husband instituted this action in North Carolina for absolute divorce based on two years separation. Winborne, C.J., speaking for the Court, said: "* * * (I)n *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444, this Court held that the effect of a judgment granting a divorce *a mensa et thoro* was to legalize the separation of the parties which

theretofore had been caused by the husband's actions, and that after two years from the date of such judgment, the husband could proceed to an absolute divorce. See also *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296.

"In fine, the effect of the judgment in *Lockhart v. Lockhart, supra,* was to legalize the separation of the parties which theretofore had been an abandonment on the part of the plaintiff. He could not thereafter be charged with desertion.

"Therefore, the husband is entitled to bring his action for an absolute divorce regardless of fault since the New York judgment in 1952 had the effect of legalizing the separation date, and the wife cannot defend on the ground of recrimination." *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865; *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525.

Likewise, in the last cited case, *Bobbitt, J.,* speaking for the Court, said: "Plaintiff and defendant having lived together until their separation on February 29, 1960, and having then separated by mutual consent, defendant cannot attack the legality of their separation from and after February 29, 1960, on account of alleged misconduct while they were living together."

The remaining assignments of error have been expressly waived or abandoned for failure to bring them forward in the brief and argue them as required by Rule 28, Rules of Practice in the Supreme Court, 254 N.C. at page 810.

The judgment of the court below is
Affirmed.