FRED HAZARD v. MARGARET C. HAZARD

No. 7715DC480

(Filed 21 March 1978)

**Judgments § 21.2— divorce action—attack on consent judgment improper—independent action required**

    In an action for divorce on the ground of one year's separation, defendant was not entitled to attack a consent judgment rendered in an earlier action between the two parties, since a consent judgment cannot be modified or set aside without the consent of the parties thereto except for fraud or mutual mistake, and the proper procedure to vacate the consent judgment is by an independent action.

APPEAL by defendant from *Paschal, Judge.* Judgment entered 17 March 1977, in District Court, ORANGE County. Heard in the Court of Appeals 9 March 1978.

Plaintiff initiated this action seeking an absolute divorce from defendant on the ground of one year's separation. Defendant

answered and alleged, among other things, that plaintiff's prayer for absolute divorce be denied because the consent judgment in defendant's prior action for alimony without divorce was procured by fraud upon the defendant. Defendant also sought reformation of the prior consent judgment.

Evidence put on by plaintiff tended to show that he and defendant were married in 1943, that they separated on 15 August 1975, and that he had been a resident of North Carolina for more than six months prior to the institution of this action. The defendant attempted to introduce evidence that the earlier consent judgment was procured by fraud, but the plaintiff objected, and the objection was sustained.

The trial judge found that the parties had been lawfully married and had subsequently lived separate and apart for more than one year, and that plaintiff was a citizen and resident of North Carolina for more than six months before the institution of this action. He granted the absolute divorce. Defendant appeals.

*Battle and Bayliss, by F. Gordon Battle, William H. Bayliss, and Dalton Loftin, for plaintiff appellee.*

*Manning, Jackson, Osborn & Frankstone, by David R. Frankstone, for defendant appellant.*

ARNOLD, Judge.

Defendant argues that she should have been allowed to attack the consent judgment rendered in an earlier action between the two parties. Her argument fails. The case of *Becker v. Becker*, 262 N.C. 685, 138 S.E. 2d 507 (1964), presented a similar argument, and that case controls our decision here. In *Becker*, the Supreme Court followed the well settled principle of law in North Carolina that a consent judgment cannot be modified or set aside without the consent of the parties thereto except for fraud or mutual mistake, and the proper procedure to vacate the consent judgment is by an independent action. *Id.* at 690, 138 S.E. 2d at 511, citing *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956); *King v. King*, 225 N.C. 639, 35 S.E. 2d 893 (1945). The Court held, therefore, that, in an action for divorce on the ground of two years' separation, the defendant was not entitled to attack a prior separation agreement embodied in a consent judgment. In *Becker*,

as in the case *sub judice*, the plaintiff's action for divorce was not based upon the consent judgment which defendant sought to attack.

We have reviewed the record and conclude that the trial court did not err in excluding evidence concerning the prior consent judgment and in granting plaintiff an absolute divorce from defendant.

Affirmed.

Judges MORRIS and MARTIN concur.